In the Matter of the Paper Propounded as the Last Will and Testament of ANDREW VOGELSANG, Deceased.

Surrogate's Court, Suffolk County, December 17, 1928.

*Alexander Weber*, for the proponent.

*Samuel P. Hildreth*, for Joseph Vogelsang and others.

*Nathan O. Petty*, special guardian.

PELLETREAU, S. The facts show that Andrew Vogelsang, on or about October 14, 1927, made his will in the form of three triplicate originals thereof. He died February 28, 1928.

Upon the application for probate, two of the said triplicate originals have been produced and filed in this court. The other triplicate original has not been produced or filed. Objection is made to the probate thereof on two grounds, as follows:

*First,* that said instruments were executed in triplicate and that the three triplicate originals thereof have not been filed for probate.

*Second,* upon information and belief, that at the time of the execution of said instruments said Andrew Vogelsang was not of sound mind and memory and was not capable of making a will.

Both sides of this controversy have been most ably and carefully presented.

At the opening of the first hearing herein, it was at once decided to first pass upon the question whether or no the example not produced had been destroyed *animo revocandi* before taking up the other question as to whether or no the said Andrew Vogelsang was capable of making a will.

The law presumes that a will proved to have had existence and not found at the death of the testator was destroyed *animo revocandi.* (*Collyer* v. *Collyer,* 110 N. Y. 481; *Crossman* v. *Crossman,* 95 id. 145, 150; *Knapp* v. *Knapp,* 10 id. 276, 278; *Matter of Field,* 109 Misc. 409; *Matter of Schofield,* 72 id. 281.)

It is likewise true that where a will is executed in duplicate or triplicate and one of the examples is not found at the death of the testator, the law presumes that the example not so found and produced was destroyed *animo revocandi,* and such destruction revokes all the examples.

The burden of proof is on the proponent to overcome this presumption by adequate proof. (*Collyer* v. *Collyer,* 110 N. Y. 481.) In *Betts* v. *Jackson* (6 Wend. 173, 182) Chancellor WALWORTH said, in effect, that the uniform practice of the English testamentary courts has been to receive proofs or declarations to strengthen or repel the presumption that a will once legally executed but not found at the death of the testator has been destroyed by him. Considerable testimony has been taken. The court has seen the witnesses and heard their testimony.

It is pointedly suggested that Joseph destroyed one of the examples or frauduently procured its destruction. Surely, because

he had the opportunity so to do is not evidence that he did so, nor is such opportunity sufficient, in my opinion, to overcome the presumption that the will was destroyed by Andrew Vogelsang himself. In fact, there is from the evidence, in my opinion, something substantial to strengthen such presumption.

Upon consideration of the whole matter, I conclude that the proponent has not overcome the presumption of law that the will not found was revoked by the testator *animo revocandi* during his lifetime, and the instrument or paper offered for probate herein is denied probate on that ground.

Decree accordingly.

Taxable costs on contest allowed to each side.