In the Matter of the Application of MARY R. HART for the Payment of a Legacy Bequeathed by the Last Will and Testament of FREDERICK KLOPPENBURG, Deceased. MARY R. HART, Appellant; SARAH KLOPPENBURG, Respondent.— Decree of the Surrogate's Court of Kings county, unanimously affirmed, with costs to respondent, payable by appellant personally. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ. [134 Misc. 168.]

In the Matter of the Application of SILVIO A. LANZA, Respondent, for an Order of Mandamus against GEORGE J. RYAN, as President, and Others, as Members of the BOARD OF EDUCATION OF THE CITY OF NEW YORK, and Others, Appellants. — Peremptory mandamus order reversed upon the law and the facts, without costs, and motion granted to the extent of directing that an alternative mandamus order issue, without costs. There is a disputed question of fact to be determined. Lazansky, P. J., Young, Seeger, Carswell and Scudder, JJ., concur. Settle order on notice.

In the Matter of the Application of LOUIS I. SIEVEN for a Certiorari Order, Respondent, against WILLIAM E. WALSH and Others, Constituting the BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Appellants.— Order sustaining certiorari order and annulling determination of the board of standards and appeals unanimously affirmed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

In the Matter of the Probate of the Paper Propounded as the Last Will and Testament of ANDREW VOGELSANG, Otherwise Known as ANDREAS VOGELSANG, Deceased. CARL CEDAR and Others, Appellants; JOSEPH VOGELSANG and Others, Respondents.▮— Decree of the Surrogate's Court of Suffolk county reversed upon the law and the facts, with costs, payable out of the estate, to all parties appearing and filing briefs, and proceeding remitted to the surrogate to try the issues of improper execution, incompetency and undue influence. The presumption of fact, arising from the failure to produce the third copy or example of the will, which was executed in triplicate, that the will was destroyed *animo revocandi*, is overcome by the existing facts. The testator resided with his brother, one of the contestants. The copy in question was delivered to the testator in his brother's presence, and the testator departed with it in company with his brother. The brother, while disclaiming possession of the instrument at any time, admitted that he had endeavored to obtain possession of it. He placed the testator in an infirmary, and while there he tried, unsuccessfully, to have the testator execute a will in his favor. The testimony of testator's brother and the brother's wife as to an alleged conversation with testator is incompetent under section 347 of the Civil Practice Act and its admission constituted substantial error. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.