In the Matter of the Probate of the Will of AUGUST L. MARTIN, Deceased.

Surrogate's Court, Westchester County, March 27, 1943.

*Alexander Halpern* for petitioner.

MILLARD, S. There has been offered for probate as the last will and testament of the above-named decedent a paper writing dated September 9, 1939. The propounded instrument was subscribed by the decedent, contains the usual form of attestation clause, and was signed by two witnesses. The body of such writing is typewritten and was proven to be a carbon copy.

The proof established that at the time of the execution of the ribbon copy the testator destroyed it by tearing, it having been accidentally marred with ink during or just following such subscription by the decedent. It does not satisfactorily appear whether the subscribing witnesses signed the ribbon copy, or whether the decedent subscribed both copies, prior to the destruction of the ribbon copy. If the witnesses did not affix their signatures to the ribbon copy, such copy was not properly witnessed and would be ineffective as a valid testamentary disposition. (Decedent Estate Law, § 21, subd. 4.) In this event such will would not have been executed in duplicate and the carbon copy might be admitted to probate as the sole will of decedent.

If both witnesses signed the ribbon copy as subscribing witnesses, then in effect such will was executed in duplicate. Where one of the executed copies has been in the possession of the testator, the failure to produce that copy, in the absence of explanation, operates to create the presumption that the testator destroyed the will with intent to revoke it. (*Crossman* v. *Crossman*, 95 N. Y. 145; *Roche* v. *Nason*, 185 N. Y. 128.) This presumption is one of fact which yields to proof of facts importing a contrary intent. (*Matter of Vogelsang*, 227 App. Div. 739, revg. 133 Misc. 395, appeal dismissed 253 N. Y. 533.) Even though the will were executed in duplicate, the failure to produce both copies has been satisfactorily explained herein. The destruction of the ribbon copy, under the circumstances herein, negatived any intent to revoke the will. Where a will is executed in duplicate the destruction of one duplicate original by the decedent does not operate to revoke the will, where the act of destruction was not intended to operate as a revocation. (*Matter of Watson*, 12 N. Y. S. 115.)

The propounded instrument appears to have been duly executed in accordance with section 21 of the Decedent Estate Law. The competency of decedent to make a will and his freedom from restraint having been established, the propounded instrument will be admitted to probate as the last will of deceased.

Submit decree.