In the Matter of the Probate of the Will of IDA F. SANDS, Deceased.

Surrogate's Court, Westchester County, March 1, 1949.

*Herbert V. A. Hall* for Evelyn M. Griswold, petitioner.

GRIFFITHS, S. Petitioner has offered for probate a paper writing dated September 10, 1927. An examination thereof indicates that such writing is a carbon copy, petitioner representing that she has been unable with due diligence to locate the ribbon copy. The trust company, which was named as sole executor and at whose offices the instrument was executed, is in liquidation and it is asserted that a search of its files fails to reveal any record of such ribbon copy. The proof establishes that both the ribbon and the carbon duplicate were duly executed simultaneously.

Although proof has been adduced to establish due execution of the propounded instruments, the failure to produce the duplicate ribbon copy raises a presumption that it was destroyed by the decedent *animo revocandi*. (*Matter of Breding,* 251 App. Div. 737.) This presumption is one of fact, however, which yields to proof of facts importing a contrary intent. (*Matter of Vogelsang,* 227 App. Div. 739, revg. 133 Misc. 395, and appeal dismissed 253 N. Y. 533.)

Petitioner asserts that the circumstances show that the ribbon copy of the propounded instrument was never in the possession of the decedent and that under such circumstances the presumption of its destruction by the decedent falls. As is hereinabove stated, the evidence establishes that the paper writing was executed in the office of a trust company. The assistant trust officer, who supervised the execution of the propounded instrument and who acted as one of the two subscribing witnesses, asserts that it was the established practice of the trust company to suggest that wills be executed in duplicate.

The duplicate carbon copy offered herein was found among the personal papers of deceased and there appears at the top of the first page thereof the following notation in the handwriting of the decedent: " Original at Republic Trust Co. Chestnut St. near 15th ". There is no evidence that the duplicate ribbon copy was ever delivered to the decedent.

The Surrogate is satisfied that petitioner has satisfactorily explained the disposition of the duplicate ribbon copy and thereby negatived any intent of its destruction with intent to revoke it. It may be presumed, therefore, that such ribbon copy has been

fraudulently lost or destroyed. (*Matter of Martin,* 180 Misc. 113.) Where a will is executed in duplicate the destruction of one duplicate original by the decedent does not operate to revoke the will, provided the act of destruction was not intended to operate as a revocation. (*Matter of Watson,* 58 Hun 608, opinion in 12 N. Y. S. 115.)

It appearing to the satisfaction of the Surrogate that the propounded instrument was duly executed in accordance with section 21 of the Decedent Estate Law and the competency of decedent to make a will and her freedom from restraint having been established, it will be admitted to probate as the last will and testament of deceased.

Letters of administration with the will annexed will issue to petitioner upon her duly qualifying and furnishing a bond in an amount to be fixed in the decree to be made hereon.

Submit decree.