---

(36 Misc. Rep. 472.)

### In re REIFFELD'S WILL.

(Surrogate's Court, Albany County. December, 1901.)

DESTROYED WILL—PROBATE.

    Code Civ. Proc. § 1865, provides for the establishment of a lost will where it was in existence at the time of testator's death, or was fraudulently destroyed in his lifetime. Section 2621 provides for the probate of a lost or destroyed will where a judgment establishing it could be rendered by the supreme court under section 1865. *Held*, that where a will in the charge of a custodian was accidentally destroyed while testator was living, the probate thereof under such sections will be denied.

In the matter of the probate of a will accidentally destroyed during the lifetime of the decedent. Probate denied.

Henry E. Stern, for Morris Coplon, executor.

Martin D. Conway, special guardian, for proponents minor children.

Charles Irving Oliver, for contestant Bella Reiffeld.

FITTS, S. Isaac Reiffeld died at the city of New York on the 15th day of August, 1901, being at the time of his death a resident of the city and county of Albany. On the 13th day of June, 1901, he executed at the city of Albany his last will and testament, by the terms of which he bequeathed the proceeds of two beneficiary life certificates, and appointed Morris Coplon as executor of the will. The testator delivered the will to one Harris Sherman, a tailor and retail merchant residing on South Pearl street, in this city, for custody and safe-keeping. Mr. Sherman deposited the will in a drawer of a desk at his store shortly after its receipt, and the same remained there until its destruction by fire on the 2d of July, 1901. On that date the store and building occupied by Mr. Sherman was totally destroyed by fire, including the desk in which this will was contained and the contents thereof. The drawer of the desk containing the will was locked, and the key in the possession of Mr. Sherman, and he testified that he saw the will on the morning of the fire. At the time of the execution of this will Mr. Reiffeld was suffering from tuberculosis, and within 10 days of the execution of this instrument departed for the city of New York, and from there went to Denver, Colo., and, finding that the climatic conditions there existing did not benefit his health, returned to the city of New York, and died within a short time after his arrival. There is no proof to indicate that Mr. Reiffeld was informed of the destruction of this will, or had notice of its destruction at the time of his death. The fire was of an accidental character. Upon the hearing in this proceeding the provisions of the will were clearly established by the subscribing witnesses to the will and Mr. McGraw, who drafted the same. This proceeding is instituted under section 2621 of the Code of Civil Procedure, which provides as follows:

"A lost or destroyed will can be admitted to probate in a surrogate's court, but only in a case where a judgment establishing the will could be rendered by the supreme court, as prescribed in section 1865 of this act."

Section 1865 provides as follows:

"Sec. 1865. Proof of lost will in certain cases.—But the plaintiff is not entitled to a judgment, establishing a lost or destroyed will, as prescribed in this article, unless the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime; and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness."

A will destroyed during the lifetime of a testator, in order to be admitted to probate, must be shown to have been fraudulently destroyed. "Fraud" is defined by the Standard Dictionary in its legal aspect as "any artifice or deception practiced to cheat, deceive or circumvent another to his injury"; (2) "any act, omission or concealment that involves a breach of duty, trust, or confidence, and

which is injurious to another, or by which an undue advantage is taken of another." "Fraudulent" is defined objectively as "based on proceeding from or characterized by fraud." "Fraudulently" is an adverb of the same meaning, and is here used to characterize the manner of destruction intended by the statute. Here was no fraudulent destruction such as is provided for by statute, but only an accidental destruction, for which no provision is made. The title to all property, real and personal, vests primarily in the sovereign state upon the death of the owner, and can only be devised or bequeathed in the manner and to the extent provided by statutes, which are to be strictly construed; so that I must determine, as a matter of law, that the accidental destruction of this instrument now offered for probate was fraudulent. I am unable to arrive at such a conclusion. The authorities referred to by the proponent do not, in my judgment, so decide. The will was destroyed accidentally, without the consent or knowledge of the testator; and by a failure to admit this instrument to probate a different disposition will be made of his property than he intended. As I construe the statute and construe the term "fraudulently" as applicable thereto, it appears to me that, in order to come within the lines thereof, there must be some intervening human agency in motion, or set in motion, to have brought about its destruction. I am unable to see how the mere accidental destruction of this instrument, through the fault of no one, through the active agency of no one, can be construed or deemed of such a fraudulent character as to permit of the application of this statute. Accordingly, this application for the probate of this paper as the last will and testament of Isaac Reiffeld, deceased, the same having been accidentally, and not fraudulently, destroyed during his lifetime, is denied, and a decree can be entered to that effect.

Probate denied.