The judgment should be reversed and new trial ordered.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment reversed and new trial ordered.

---

In the Matter of the Probate of the Last Will and Testament of ANNA ELIZA (McCREDDON) LAWLOR, Deceased.

CHARLES J. MORTON, JR., and MARY A. MORTON, Appellants; MARY GANNON FOSDICK and FRANK GANNON, Respondents.

*Will — an affidavit of the testatrix, made subsequent to its execution, stating that she did not know the lawyer who drew and attended to its execution, is not evidence that she did not execute it.*

Upon an application for the probate of a will dated June 4, 1902, there was offered by the contestants and received in evidence an affidavit, purporting to have been made by the decedent July 23, 1902, for the purpose of opening a default in an action, brought by the lawyer who drew and attended to the execution of the will, to recover for his services concerning the same, in which the decedent alleged: "Deponent does not know the plaintiff herein and never

saw him. She did not direct him to draw a will. He did not witness any will for her. She did not have any transactions of any kind with the plaintiff. He did not witness any will for her."

*Held*, that the affidavit was not evidence to establish that the decedent did not execute the will.

APPEAL by the proponents, Charles J. Morton, Jr., and another, from a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 7th day of October, 1902, adjudging and decreeing that the paper propounded as the last will and testament of Anna Eliza (McCreddon) Lawlor, deceased, is null and void, with notice of an intention to bring up for review an order of said court made on the 25th day of November, 1902, denying the appellants' motion for a new trial.

To attack the validity of the will offered for probate in this matter the contestants, who are the respondents, offer in evidence an affidavit purporting to have been made by the decedent July 23, 1902, which had been made for the purpose of opening a default in the action, brought by the lawyer who drew and attended to the execution of the will in question, to recover for his services concerning the same.

This affidavit was signed by the mark of the testatrix, which was witnessed by the notary before whom the affidavit was executed.

The affidavit contained the following statement : " Deponent does not know the plaintiff herein and never saw him. She did not direct him to draw a will. He did not witness any will for her. She did not have any transactions of any kind with the plaintiff. He did not witness any will for her."

This affidavit was objected to on the ground that it did not come from the proper custody, that it was incompetent, irrelevant and immaterial, but it was admitted in evidence by the surrogate, to which an exception was taken.

*Francis A. McCloskey* and *Charles H. Levy*, for the appellants.

*Moses Weill*, for the respondents.

JENKS, J. :

The affidavit of the testator, made on July 23, 1902, was not evidence to establish that she did not make the will dated June 4, 1902. (*Jackson* v. *Kniffen*, 2 Johns. 31, 35 ; *Waterman* v. *Whitney*, 11 N.

Y. 157; *Eighmy* v. *People,* 79 id. 546; *Marx* v. *McGlynn,* 88 id. 357, 374; *Matter of Kennedy,* 167 id. 163, 172; *Matter of Woodward,* Id. 29, 30.) It is quite evident from the opinion that the learned surrogate considered this affidavit as a cogent piece of evidence on that question. The exception was well taken, and the decree must be reversed.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Decree of the Surrogate's Court of Kings county reversed.