(61 Misc. Rep. 207.)

### In re HUGHES' WILL.

(Surrogate's Court, Kings County.  November, 1908.)

1. WILLS (§ 176*)—REVOCATION—TEARING.

    Revocation of a will by tearing it is invalid, unless the act is within the presence of testator.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 455; Dec. Dig. § 176.*]

2. WILLS (§ 176*)—REVOCATION—MUTILATION.

    Where, after the execution of a will, the signatures of the testator and subscribing witnesses were torn, so that the signature of each was almost entiely removed, and such mutilation was done by a third person by the direction and consent of the testator, but not at the time when such direction was given, or in the presence of the testator, the removal of the signatures from the will, which thereafter remained in possession of the testator until his death, did not revoke the same.

    [Ed. Note.—For other cases, see Wills,. Cent. Dig. § 455; Dec. Dig. § 176.*]

3. WILLS (§ 234*)—PROBATE OF LOST OR DESTROYED WILL.

    The statute providing for the establishment or probate of a lost or destroyed will does not apply to a will from which the signatures of testator and the subscribing witnesses have been torn.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 563; Dec. Dig. § 234.*]

In the matter of the probate of the last will of James Hughes, deceased.   Probate allowed.

James C. McEachen (Thomas C. Byrnes, of counsel), for proponent.

Michael J. Scanlan, for contestants Miller et al.

Kelaher & Scannell, for contestant Gately.

KETCHAM, S.  The paper propounded was duly executed, published, and attested.  Thereafter the portions thereof which bore the signatures of the testator and the subscribing witnesses were so torn from the paper that in each instance the signature was almost entirely removed.  The instrument was thus mutilated, not by the testator himself, but by another person, by his direction and consent, during his lifetime.  The signatures were not torn at the time when the direction was given, nor were they torn in the presence of the testator.  The will remained in the possession of the testator from the time of its execution to the time of his death.  It was essential to a revocation by tearing that the act should be done in the presence of the testator (Statute of Wills, § 42), and the will was not revoked.

The contestants assume that this proceeding is brought for the probate of a destroyed will; and by aid of that assumption insist that the will, even if unrevoked, cannot be admitted, unless it was fraudulently destroyed.  It is true that, within the meaning of the statutes respecting the establishment or probate of a will lost or destroyed (Code Civ. Proc. §§ 1862–1865, 2621), a destroyed will must be rejected, unless the destruction was fraudulent.   Timon v. Claffy, 45 Barb. 438; Matter of De Groot (Sur.) 9 N. Y. Supp. 471; Early v. Early,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5 Redf. Sur. 376; Matter of Reiffeld, 36 Misc. Rep. 472, 73 N. Y. Supp. 808. It is also true that a defacement which was done at the testator's direction could not be fraudulent in the ordinary acceptance of the word. But this is not the case of a destroyed will, unless it can be held that a will once duly executed becomes a destroyed will when it is actually produced, intact in every part except the signatures which were necessary to its execution and attestation, and these signatures are shown to have been removed by a person other than the testator and under circumstances which did not work a revocation.

The provisions for establishment or probate of a lost or destroyed will contemplate only an instrument which is wholly destroyed. This is obvious with respect to a lost will, and the association therewith of a destroyed will, as the subject of a procedure equally applicable to both, affords ground for the construction that in each case a will wholly absent was intended. Better ground appears in the requirement that the provisions of the will, which in the legislative mind is a destroyed will for the purpose of the procedure ordained, must be proved by at least two witnesses, and that a copy or draft of the instrument shall be equivalent to one witness. None of these expressions have any necessity or meaning, if they apply to a will of which all the dispositive features remain.

It is apparent that the ordinary methods of probate, applicable to a will physically propounded, are regarded by the Code as sufficient to cover all cases where the instrument is produced and its provisions can be ascertained from its face. The present code provisions for the establishment or probate of a destroyed will preserve the procedure which was prescribed under the Revised Statutes, and which existed in the courts of chancery, as to wills of real estate, before the Statutes. In none of these conditions of the law has a resort to equity for the ascertainment of the contents of a will by secondary proof been considered necessary, when the will in all its substance has been capable of production as primary proof of its terms.

A will from which had disappeared a substantial portion, carrying away with it words of bequest, was held to be within the provisions relative to the establishment of destroyed wills, and the action was maintained for the establishment of the bequest in question. Hook v. Pratt, 8 Hun, 102. The effect of this decision is that the statutory remedy made applicable to a destroyed will is obviously to be extended to portions of a will destroyed, provided such portions partake of testamentary purpose and effect. But this decision affords no support for the claim that a will from which none of its testamentary features is missing is a destroyed will in the sense of the statute. The fair interpretation, in the light of the case last cited, is that the action or proceeding to be maintained in the case of destruction relates, in any case, only to provisions from which are to be derived the purposes of the testator. The ordinary methods of probate applicable to a will physically propounded are sufficient to cover all cases where the instrument is produced and its testamentary effect can be ascertained from its face.

In the statute prescribing the means by which a will may be revoked, the terms "burning, tearing, canceling, obliterating or destroying" are found in association; and it is held, for the purposes of the statute,

that "destroying" is to be interpreted according to such association, and may include the act of partial destruction. But this interpretation depends upon the canon of "noscitur a sociis," and is effected by a consideration of the purpose of the statute last referred to; for the act by which the physical integrity of the will is affected is made by the statute merely a token of the intention which precedes and accompanies it, and, if the intention required by the statute be found, it is unnecessary to determine the extent to which the will is defaced or whether it is wholly or partially destroyed. A partial as well as an entire destruction may serve as the symbol or consummation by which the purpose of revocation may be evinced. But this construction cannot follow the word into a statute having a different purpose and not presenting the word in a like relation to the other words and to the subject-matter of the enactment. Indeed, the same rule under which words partake of the meaning of others with which they are found would impose upon the word "destroyed," as found in the Code, some of the meaning of its associate "lost"; and, as already said, if one contemplates a will wholly missing, the other does.

In the sections of the Code under consideration the word "destroyed" is used to define conditions with respect to a will which make necessary an action in which secondary proof of its terms may be taken, and here the word obviously must contemplate the destruction of the will to the extent only to which its reproduction by secondary evidence is necessary. Wills, however scarred or defaced, even in their disposing parts, have always been awarded probate without resort to equity, provided their original testamentary substance could be determined by inspection. This proceeding is for the probate of a will actually exhibited. Its presence indicates that as a will it has not been destroyed. The inquiry as to the signatures which have been removed therefrom concerns only its execution, and not its nature as a will, and its probate is not dependent upon the conditions imposed in the sections of the Code which have been considered.

Decreed accordingly.