Matter of Proving the Last Will and Testament of
MARY J. GETHINS, Deceased.

(Surrogate's Court, Bronx County, November, 1916.)

Wills — validity of — proceeding on probate of — destruction of will —
evidence.

> On an application for the probate of a will as a lost will,
> it appeared that the will was last in the possession of the pro-
> ponent and that there was in existence a draft copy of the
> said will, which was offered in evidence, and which it was
> testified was a correct copy of the will.
>
> Held, in admitting the will to probate as a lost will, that
> under the facts there is no presumption that the will was
> destroyed by the decedent *animo revocandi;* that, if the will
> was destroyed during the lifetime of the testatrix, such destruc-
> tion was fraudulent as against her; that the testatrix had a
> right to make whatever lawful disposition of her property she
> chose, and no feeling of sympathy for any member of her
> family and no so-called " equities " should be permitted to play
> any part in reaching a conclusion as to the validity of the will.

PROCEEDINGS on the probate of a lost will under sec-
tions 2613 and 1865 of the Code of Civil Procedure.

Patrick J. McDonald, for proponent.

Gabriel I. Lewis, for general guardian of infant
respondent.

SCHULZ, S.    The evidence clearly establishes that the
decedent executed a will with all the formalities pre-
scribed by statute, and it is not contended that she was
under age, incompetent to execute the same or that its
execution was obtained by undue influence, restraint
or duress.   There is no claim that any other document
of a testamentary nature was executed by the decedent

Surrogate's Court, Bronx County, November, 1916.    [Vol. 97.

or that she was ever incompetent, and hence the exact date when the instrument offered was executed does not appear to be very important. *Matter of Talbot,* 91 Misc. Rep. 382; *Matter of Haviland,* 17 id. 193. I think the evidence is sufficient to warrant a finding that the execution of the propounded document took place on the 15th day of March, 1915.

The proponent when this matter came on for hearing was unable to speak, having suffered a paralytic stroke, but one of the attesting witnesses stated that the will was left with the proponent who was present during its execution, and a concession was placed upon the record to the effect that the proponent had a paper which she was referring to as a will, in a book in her apartment, and that upon her return from the hospital where she had gone when stricken the alleged will had disappeared and has never been seen by her since. It was further conceded that if the proponent were physically able to testify on the stand she would testify that she had the instrument offered for probate in her possession at the time she went to the hospital and that when she returned therefrom the paper referred to was not in her possession and has not been seen by her since.

Section 2613 of the Code of Civil Procedure provides: "A lost or destroyed will can be admitted to probate in a surrogate's court, but only in a case where a judgment establishing the will could be rendered by the supreme court, as prescribed in section 1865 of this act."

Section 1865 of the Code of Civil Procedure provides: " But the plaintiff is not entitled to a judgment, establishing a lost or destroyed will, as prescribed in this article, unless the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime; and its provisions are clearly

and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness.''

The contestant urges that the document should not be admitted to probate as a lost will, claiming that there is no evidence that it was in existence at the time of the testator's death, or that it was fraudulently destroyed in her lifetime, and that because it cannot now be found a presumption arises that it was destroyed *animo revocandi.*

The statute (Decedent Estate Law, § 34, being Laws of 1909, chap. 18, and constituting Consol. Laws, chap. XIII) provides that no will shall be revoked except by the execution of an instrument as therein set forth `` * * * unless such will be burnt, torn, canceled, obliterated or destroyed with the intent and for the purpose of revoking the same;'' and, where the will is in the possession of the testatrix during her lifetime and she has executed no other instrument revoking it and it cannot be found after her death, the law presumes that she has revoked it in one of the other ways set forth in the statute (*Betts* v. *Jackson,* 6 Wend. 173; *Collyer* v. *Collyer,* 110 N. Y. 481; *Matter of Kennedy,* 167 id. 163; *Matter of Cunnion,* 201 id. 123; *Matter of Bennett,* 166 App. Div. 637), *i. e.,* by burning, tearing, cancelling, obliterating or destroying it. Where, however, the will is not in her possession nor under her control and there is no evidence that it was destroyed by another person in her presence, there is no such presumption. It would be manifestly absurd under such conditions to presume that a testatrix had burned, torn, canceled, obliterated or destroyed a will when such acts on her part would have been physically impossible, because it was not in her possession. *Schultz* v. *Schultz,* 35 N. Y. *653. From the concessions referred to and the evidence which is thus in effect read into the record and which is uncontroverted, it

Surrogate's Court, Bronx County, November, 1916. [Vol. 97.

appears that the document was in the possession of the proponent and not in that of the decedent; hence there is no presumption that it was destroyed by the latter *animo revocandi.*

If the will was not in existence at the decedent's death, it must have been destroyed during her lifetime and, assuming that the will has been destroyed, the question which remains to be decided is whether such destruction was fraudulent. While the opinion in *Matter of Reiffeld,* 36 Misc. Rep. 472, appears to be to the contrary, it was held in *Schultz* v. *Schultz, supra,* under a state of facts similar to those of the pending matter, that "If so destroyed, it was done fraudulently as to him (the testator) and, in judgment of law, the legal results are the same precisely as if it had continued in existence up to the time of his death. In either contingency, it was his last will and testament, and its loss or destruction, either by accident or design, being proven, it is the duty of the court to establish it as the will of this testator."

The law therein enunciated does not seem to have been overruled by any court of appellate jurisdiction and is conclusive upon me. I reach the conclusion and hold that, if the will in question has been destroyed, such destruction was fraudulent as against the testatrix. See, also, *Early* v. *Early,* 5 Redf. 376.

The contestant is an adopted daughter of the testatrix, but it is clear from the language of the will that the same was executed after the date of her adoption because in it the testatrix refers to her as "My adopted daughter Catherine Gethins." Counsel urges that the equities are with the contestant, because the provision made for her in the document is negligible in amount. While this should impel the surrogate to scrutinize the instrument with the greatest possible care, when the will has once been proved to the satisfaction of the

court, it must be given effect.   What circumstances may have moved the mind of the testatrix to make the disposition she did, the court does not know.   The decedent had a right to make whatever lawful disposition of her property she chose, and no feeling of sympathy for any member of her family, and no so-called " equities," should be permitted to play any part in reaching a conclusion as to the validity of the document.   *Matter of Burke,* 86 Misc. Rep. 151 and cases cited.

In the course of the examination, testimony was introduced as to declarations by the decedent with reference to the instrument in question and also evidence as to her sending for the same, with a view, no doubt, of showing that the will was not in her possession. Such testimony was offered by both sides and admitted without objection as to its competency as a declaration of the testatrix, but I have not based my opinion upon it or considered it, because it is doubtful, to say the least, whether such testimony was competent (*Matter of Kennedy, supra; Matter of Kent,* 169 App. Div. 388), and I am of the opinion that without it there is sufficient evidence to warrant my conclusions.

The document will be admitted to probate, and as it appears from the testimony of the witnesses that the name of the testatrix and the names of the witnesses were subscribed to the instrument in the same places respectively as they appear upon the draft which was offered in evidence, its form will be decreed to be that of the draft, omitting, however, the date as stated on the draft and inserting in place thereof the date March 15, 1915.

Probate decreed.