In the Matter of the Probate of the Will of WILHELMINA STAIGER, Deceased.

JULIA STRETZ et al., Appellants; FRANK V. BALDWIN, as Executor, et al., Respondents.

**Will — probate — evidence — legal presumption that will that cannot be found on death of testator has been destroyed with intent to revoke — presumption must be overcome by adequate proof in order to establish lost or destroyed will — not sufficient to show opportunity of interested person to destroy — testimony of alleged statements of decedent, to establish existence of will at her death, incompetent.**

1. Before a lost or destroyed will can be admitted to probate there must be evidence to justify a finding that the will was in existence at the time of a testator's death or was fraudulently destroyed in his lifetime. (Surr. Ct. Act, § 143.) If a will, shown once to have existed and to have been in the testator's possession, cannot be found after his death the legal presumption is that he destroyed it *animo revocandi* and this presumption stands in the place of positive proof. One who seeks to establish a lost or destroyed will assumes the burden of overcoming this presumption by adequate proof. It is not sufficient to show that a person interested to establish the intestacy had an opportunity to destroy a will. He must go further and show by facts and circumstances that the will was actually fraudulently destroyed.

2. In a proceeding for the probate of a lost or destroyed will, testimony as to alleged declarations of the decedent, prior to her

death, attempting to establish the existence of her will at her death, is incompetent and the admission thereof in evidence error.
(*Matter of Kennedy*, 167 N. Y. 163, followed.)
*Matter of Staiger*, 217 App. Div. 743, reversed.

(Argued October 5, 1926; decided November 16, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 25, 1926, which affirmed two orders of the New York County Surrogate's Court and modified and affirmed as modified a decree admitting to probate an alleged lost or destroyed will.

*Martin Conboy, Henry Schoenherr* and *Henry T. Hall* for appellants. There is no evidence in this record sufficient to support a verdict that the will of Wilhelmina Staiger was either in existence at the time of her death or had been fraudulently destroyed prior thereto, and the case was, therefore, improperly submitted to the jury. (*Matter of Cunnion*, 201 N. Y. 123; *Betts* v. *Jackson*, 6 Wend. 173; *Knapp* v. *Knapp*, 10 N. Y. 276; *Matter of Kennedy*, 167 N. Y. 163; *Collyer* v. *Collyer*, 110 N. Y. 481; *Matter of Ascheim*, 75 Misc. Rep. 434.) The testimony as to alleged declarations of Mrs. Staiger prior to her death to establish the existence of the will at her death was incompetent, and the admission thereof in evidence was erroneous. (*Kennedy* v. *Kennedy*, 167 N. Y. 163; *Throckmorton* v. *Holt*, 180 U. S. 552; *Dilleber* v. *Home Ins. Co.*, 69 N. Y. 256; *Schultz* v. *Union Ry. Co.*, 181 N. Y. 33; *Martin* v. *N. Y., N. H. & H. R. R. Co.*, 103 N. Y. 626; *Middlsworth* v. *Lowery*, 89 App. Div. 418; *Rothenberg* v. *Filarsky*, 30 Misc. Rep. 610.)

*Sol. A. Hyman* and *Victor E. Whitlock* for executor, respondent. There is ample evidence to support the verdict of the jury to the effect that the will was not revoked, that it was fraudulently destroyed, was in existence at the time of the decedent's death, and was

[243 N. Y. 468]     Opinion, per McLaughlin, J.                    [Nov.,

lost after the death of the decedent.   (*Matter of Hopkins,*
73 App. Div. 563; *Sugden* v. *Lord St. Leonards* [L. R.
1 P. D.], 154.)

*Maurice Bloch* for Vera S. Higgins, respondent.   There
was sufficient evidence to sustain the verdict of the jury.
(*Dowling* v. *Hastings,* 211 N. Y. 199; *Meyer* v. *Mayo,* 196
App. Div. 78.)

McLaughlin, J.   On the 12th of May, 1923, Wilhel-
mina Staiger made her last will and testament, in which
Frank V. Baldwin was named as executor.   The will was
drawn by Judge Lorenz Zeller, and he and his wife were
the attesting witnesses.   Mrs. Staiger died on the 6th
of November, 1923.   At and for some time prior to her
death she owned a house located at 11 East One Hundred
and Twenty-eighth street, New York city, which was
occupied by herself and her daughter, Julia Stretz, and
family.   Mrs. Stretz was her only next of kin and
heir at law.

There were two safes in the house — a wall safe in a
closet in the bedroom on the second floor which was
occupied by the decedent, and a safe in a room adjoining
the bedroom.   A short time before Mrs. Staiger's death
she had a conversation with Judge Zeller as to her will
and, according to his testimony, she stated to him:
" * * * my son-in-law I think has got the combina-
tion to the safe.   * * * I have taken my will out
of the safe and put it in the vault in the wall, which is a
kind of a safe, and I am the only one that has a key to
that."   This testimony was objected to; objection over-
ruled, and exception taken.

The witness Perschke, brother of the testatrix, testified
that a few days before the death of decedent she said to
him that she had made a will and that it was in " a place
where neither Julia nor Frank, meaning her daughter or
son-in-law, had any key to reach it to get out that will."

This testimony was also objected to; objection overruled, and exception taken.

The safes in the house were opened after the death of Mrs. Staiger but the will could not be found, nor was any will ever found notwithstanding the fact that a thorough search was made by a messenger from the surrogate's office, an assistant to Judge Zeller, and a representative of the State Tax Commission.

Some time after decedent's death, a petition was presented to the Surrogate's Court which set up the making of the will and then alleged that it was either lost or destroyed by some one other than the testatrix, and asked that a copy of the will be admitted for probate. The probate of such paper was contested. A jury was called and it found in favor of the proponents. On appeal, the Appellate Division affirmed (two of the justices dissenting) the decree of the Surrogate's Court admitting the copy to probate on the ground that the original will had been lost or destroyed by some one other than the testatrix. The contestants appealed to this court.

I am of the opinion that the order of the Appellate Division and the decree of the Surrogate's Court must be reversed and case remitted to Surrogate's Court for new trial.

There is no evidence whatever that the will of the testatrix was either in existence at the time of her death or that it had been fraudulently destroyed prior thereto.

One clause of the will disinherited the daughter and this fact undoubtedly influenced the jury in its verdict. But a mere suspicion, coupled with an opportunity, that the daughter either acting for herself or some one acting in her behalf, destroyed the will is not evidence of that fact. Before a lost or destroyed will can be admitted to probate there must be evidence to justify a finding that the will was in existence at the time of a testator's death or was fraudulently destroyed in his lifetime.

(Surrogates' Court Act, sec. 143.) If a will, shown once to have existed and to have been in the testator's possession, cannot be found after his death the legal presumption is that he destroyed it *animo revocandi.* (*Collyer* v. *Collyer,* 110 N. Y. 481; *Matter of Cunnion,* 201 N. Y. 123; *Matter of Kennedy,* 167 N. Y. 163; *Knapp* v. *Knapp,* 10 N. Y. 276.) There is no proof that Mrs. Staiger destroyed her will, but when a will previously executed cannot be found after the death of a testator there is a strong presumption that it was revoked by the testator and this presumption stands in the place of positive proof. One who seeks to establish a lost or destroyed will assumes the burden of overcoming this presumption by adequate proof. It is not sufficient to show that a person interested to establish the intestacy had an opportunity to destroy a will. He must go further and show by facts and circumstances that the will was actually fraudulently destroyed. (*Collyer* v. *Collyer, supra.*)

The testimony, as to the alleged declarations of Mrs. Staiger prior to her death, attempting to establish the existence of the will at her death was incompetent and the admission thereof in evidence constituted error. That such declarations were not admissible was decided by this court in *Matter of Kennedy* (*supra*). (See, also, *Throckmorton* v. *Holt,* 180 U. S. 552.)

The decree and the orders appealed from should be reversed and the case remitted to the Surrogate's Court for a new trial, with costs in all courts to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Ordered accordingly.