In the Matter of the Estate of DELIA FOGARTY, Also Known as DELIA J. FOGARTY, Deceased.

Surrogate's Court, Suffolk County, June 7, 1935.

*Robbins, Fowler, Wells & Walser* [*Stanley C. Fowler* of counsel], for the proponent.

*D. Ormonde Ritchie*, for the contestant.

PELLETREAU, S.   Delia J. Fogarty, the testatrix, died August 4, 1933.

On December 15, 1933, a paper propounded as her last will and testament, dated January 23, 1929, was probated in this court and letters testamentary were issued thereon.   This will left all her property to her two children, Paul Fogarty and Florence Linthwaite, share and share alike.

On March 26, 1935, a paper purporting to be a copy of a last will and testament of the said testatrix, dated April 15, 1930, was filed in this court, and a proceeding instituted to probate the original thereof by said copy.   The said subsequent will contained a clause revoking all previous wills and gave all the property of the decedent to Virginia Linthwaite, decedent's grandchild.   From the testimony I am satisfied that the said subsequent will was duly executed and was a valid will when made, but there is not sufficient competent testimony to show that the original of said subsequent will

was in existence at the time of decedent's death, and in my opinion there is not sufficient proof or legal grounds for believing that it was destroyed after decedent's death. There is convincing testimony to show the existence of the original of said subsequent will in March, 1933.

Mrs. Tolin, a neighbor of the decedent, called as a witness by the proponents, stated that in January, 1933, the testatrix told her she had made no change in her will. She likewise testified that in May, 1933, she called upon the testatrix, then in a hospital, and asked her if she could do anything for her, and the testatrix said, " no, everything is the same," or something like that. It also appears by the testimony of the same witness that in October, 1930, the testatrix gave Mrs. Tolin a copy of the original of said subsequent will with instructions to produce the copy and give it to Virginia Linthwaite, the granddaughter of the testatrix, in case there was any trouble or litigation over the will. This copy was given to the testatrix by Freeman T. Hulse when he drew the original instrument. The statements of Mrs. Tolin, as to the declarations of the testatrix, to prove non-revocation of the said subsequent will, were not a part of an accompanying act, or in law not a part of the *res gestæ*.

I am convinced that the rule laid down in *Matter of Kennedy* (30 Misc. 1; affd., 53 App. Div. 105; affd., 167 N. Y. 163), in which case and in the appeals thereof most exhaustive opinions were written, applies to this case. The rule in that case was likewise cited with approval in *Matter of Staiger* (243 N. Y. 468). The same rule is laid down in *Throckmorton* v. *Holt* (180 U. S. 552).

The testatrix was in possession of the original of said subsequent will on March 3, 1933. She had sufficient time and opportunity to have destroyed the same between that date and August 4, 1933, when she died.

Section 143 of the Surrogate's Court Act provides that " a lost or destroyed will can be admitted to probate in a surrogate's court, but only in case the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness."

Undoubtedly, a will sought to be proved under the provisions of section 143 of the Surrogate's Court Act, aforesaid, must be proved by clear and convincing evidence, as there is, I consider, a strong presumption that a will which cannot be found after the testator's death was revoked *animo revocandi*.

Probate of the instrument dated April 15, 1930, as the last will and testament of the testatrix is denied, but as the said instrument,

in my opinion, was duly executed and was valid when made, the first will, dated January 23, 1929, and heretofore probated without contest, was clearly revoked and is a nullity under the provisions of section 41 of the Decedent Estate Law, the effect of which is that the decedent died intestate.

Decree accordingly.