In the Matter of the Estate of ALBERT P. SEMLER, Deceased.

Surrogate's Court, Richmond County. June 18, 1941.

*Ralph Cerreta,* for William Semler, as executor, etc., and proponent.

*Edward G. Baker,* for August Semler, as executor, etc., and proponent.

*Meyer Lindner,* for Albert W. Semler, as executor, etc., and contestant.

*Leon B. Ginsburg,* for the widow, Wilhelmina Semler.

BOYLAN, S. Albert P. Semler died on January 6, 1941. Among his personal effects was found an instrument purporting to be a last will and testament dated February 9, 1939. Two of the executors therein named have filed a petition for its probate while the third executor named has filed objections to the probate, claiming that the will was revoked by the testator.

The only question before the court is the effect upon the will of the obliterations and writings which appear immediately below the attestation clause. Ink markings completely obliterate the signatures and addresses of the subscribing witnesses. Between these obliterations appear the following words which concededly were written by the deceased: "No good I have put This names out This will is no gut. A. P. Semler. I have scracht out Jan 11 /40." Semler was of German birth, could read, write and speak German. Gut is a German word which in English means good.

Section 34 of the Decedent Estate Law provides for the revocation and cancellation of wills as follows: " No will in writing, except in the cases hereinafter mentioned, nor any part thereof, shall be revoked, or altered, otherwise than by some other will in writing, or some other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direction and consent; and when so done by another person, the direction and consent of the testator, and the fact of such injury or destruction, shall be proved by at least two witnesses."

There can be no revocation of a will except as prescribed by statute. (*Delafield* v. *Parish,* 25 N. Y. 9; *Lovell* v. *Quitman,* 88 id. 377, affg. 25 Hun, 537.) While section 34 of the Decedent Estate Law sets forth several methods by which a will may be revoked, only two of them need be considered here as having been resorted to, namely, cancellation and obliteration. It has been held that where

the words were wholly written upon the margin rather than upon the face of the instrument, the writing was not regarded as a cancellation. (*Matter of Akers*, 74 App. Div. 461; affd., 173 N. Y. 620.) If, however, the words of revocation are actually written across the written words of the instrument, the will is revoked by cancellation. (*Matter of Parsons*, 119 Misc. 26; affd., 204 App. Div. 879; affd., 236 N. Y. 580.) Lines drawn through the signatures of the testator and the witnesses amount to an obliteration. (*Matter of Kuntz*, 140 Misc. 598.) In this case the court said, " it is unquestionable, however, that the lines drawn across the signatures amount to an obliteration and the fact of the accomplishment of this act by the testator and the requisite revocatory intent are established beyond question by his own writing and signature." In the case at bar it is conceded that the testator wrote the words, " This will is no gut." The *Kuntz* case is exactly analogous to the case at bar with the exception that in the former the signature of the testator is also obliterated. It is not essential, however, to effect a revocation that every vital part of the will be obliterated. It is sufficient if an absolute revoking intention exists manifested by an act, however slight in its nature, which can fairly be considered as a tearing, burning, canceling or obliterating within the meaning of the statute. (*Matter of Alger*, 38 Misc. 143, 146.)

In *Matter of Kutzner* (173 Misc. 776, at p. 778) the court said: " Of course, where either method is employed, the intent to revoke must be co-existent with the physical act of cancellation or obliteration. In the absence of extrinsic evidence, proof of intent to revoke the will must be derived from the instrument itself." The clause inserted by A. P. Semler in his own handwriting between the signatures at the end of the attestation clause expressly declares the will as no good. The act of the testator together with the words written by him indicate that the obliteration and the intention co-existed. In *Matter of Alger* (*supra*) the court further said: " Certainly it seems that a person who is capable of writing at the end of an instrument that it is his intention and wish to cancel the same, that his act should be entitled to as much credit as to those of a person who simply draws a line across the same, and states to a third party that he does it for the purpose of cancelling it."

A will must be witnessed by two persons, each of whom must sign his name as a witness. (Dec. Est. Law, § 21.) If the markings do not affect the will in its entirety, or a vital part thereof, there is no revocation. (*Matter of Tremain*, 169 Misc. 549; affd., 257 App. Div. 996; affd., 282 N. Y. 485.) In this latter case the Appellate Division said: " No jury question existed in respect to the intent with which the markings on the script propounded were made. No

such question could arise unless and until 'it appeared that the markings were of such a character that they so affected such a vital part of the will as presumptively to effect a revocation. Here the markings did not affect the will in its entirety or a vital part thereof, such as a signature, in either of which events a revocation *prima facie* of the entire will would have been effected."

The signatures of the witnesses are a vital part of a will. The testator completely obliterated these signatures in the manner stated. The markings affected a vital part of the will and when considered in light of the words which clearly manifest the intent a revocation *prima facie* of the entire will became effective.

The court holds that the testator revoked his will by cancellation and obliteration and, therefore, denies probate.

Submit decree accordingly.