In the Matter of the Probate of the Will of CHARLES E. HEDIN, Deceased.

Surrogate's Court, Queens County, March 27, 1944.

*Austin & Du Pont* for Edith H. Tooker, as executrix of Charles E. Hedin, deceased, petitioner.

SAVARESE, S. The decedent, a member of the armed forces of the United States, died on July 14, 1943, in the European area as the result of an airplane accident. His father is his sole distributee. Under the provisions of the propounded instrument decedent named his sister sole legatee and executrix. No objections have been filed to its probate. It appears, however, from the testimony of the only available subscribing witness that decedent executed the instrument in triplicate on April 17, 1943, while stationed at an army base in Colorado. Only two counterparts have been produced. The original was recently found among the personal effects of the decedent. One carbon copy in the possession of the proponent has been produced. Search for the triplicate copy has been fruitless. The witness further testified: " I do not know what became of the original and the other copy nor do I know where they could be found." A communication from the Adjutant General's office at that base states in part: " We have prepared thousands of these wills for officers and enlisted men and so far as this office is concerned we have never encouraged or even allowed the officers and men to make any duplicate copies of the wills. However, some of the other groups got the idea that the will should be executed in triplicate; the original to be kept by the soldier in his 201 file, the duplicate to be sent to his wife or member of his family and the triplicate to be filed with the Adjutant General's

Office ". Counsel for proponent has been advised by the Adjutant General at Washington that the records of his office fail to show that the decedent ever executed a will or ever placed one on file in the War Department and further that his " 201 file " is a part of the records of the War Department and contains no record of a will.

In the light of the proof, the nonproduction of all the counterparts has not been satisfactorily explained. The counterparts last shown to have been in the possession of decedent and not found after his death, the presumption arises that he destroyed them *animo revocandi* (*Matter of Staiger*, 243 N. Y. 468, 472; *Matter of Sharp*, 134 Misc. 405, affd. 230 App. Div. 730), and since all constitute the will, and revocation of one is a revocation of all (*Crossman et al.* v. *Crossman et al.*, 95 N. Y. 145, 150), the instrument filed herein must be denied probate. It is regrettable that the decedent proceeded in the manner testified to. Yet, it is apparent that conflicting advice is given, for other instances have come to the attention of the Surrogate where members of the armed forces have executed testamentary instruments in duplicate, triplicate and even quadruplicate. Yet, the possibility cannot be ignored that where a soldier retains one or more executed counterparts he may for many reasons elect to change his testamentary dispositions and proceed to do so by the simple method of destroying those in his possession. Where it is shown, as here, that the decedent had possession of the counterparts and the proponent cannot satisfactorily explain the nonproduction of all such, the presumption of revocation by destruction is operative. Submit decree denying probate.