Chief Judge Desmond (dissenting).
Albert Frank Fox, an American citizen, lived in Germany for many years preceding his death in Berlin in April, 1946. The question for decision is whether a will executed by him in Germany in 1939 and destroyed by the bombing of a Berlin building in January, 1944 may be admitted to probate in this State and thus made effective as an exercise of a power of appointment given to Albert Frank Fox in the will of his sister Bertha M. Foster. Mrs. Foster was a resident of New York County and her will was probated there in 1924. It set up a trust with a New York City banking company as trustee and Albert Frank Fox as life beneficiary and gave the trust remainder to his next of kin subject to a power in the life beneficiary to appoint a person or persons to take the remainder upon his death.
On October 1,1939, a month after World War II commenced, Albert Frank Fox executed in Germany the will here offered for probate. It related only to the Foster trust power of appointment and exercised that power in favor of Isabelle Foster (appellant Isabelle Foster Hampton) who was a relative of the husband of Bertha Foster, donor of the power. The will was duly executed according to German law and pursuant to local custom was left for safekeeping with a notary in Berlin. The notary kept it in his custody until the air raid of January 30, 1944 wiped out the building including the notary’s vault in which the testamentary paper had been deposited. In June, 1945, a month after the surrender of the German army, Frank Fox, testator’s lawyer son, told his father of the will’s destruction but Albert Fox made no new will during the 10 months that elapsed between that date and his death. All of these facts were found by both courts below on convincing proof. There was, besides, testimony, somewhat equivocal and possibly inadmissible, that the father when he learned that the will had been burned stated that he intended to return to New York as soon as possible and that when he got there he would exercise the power in favor of his wife. As we see the case there was, with or without that testimony, no power in the Surrogate’s Court to probate this will and so we agree with the Appellate Division in its dismissal of the petition for probate.
First, we hold that the law of New York, not German law, applies since the sole question is as to exercise of a power of appointment given in a trust created in New York by a New *412 York resident and administered in New York by a New York trustee (Matter of Deane, 4 N Y 2d 326; Matter of Pratt, 8 N Y 2d 855; see Matter of Harriman, 124 Misc. 320, affd. 217 App. Div. 733).
The Surrogate’s decree of probate was based on his holding that the will had not been revoked in accordance with section 34 of the Decedent Estate Law. The Appellate Division agreed that there had been no such revocation but held correctly that the case was controlled by the plain language of section 143 of the Surrogate’s Court Act: “A lost or destroyed will can be admitted to probate in a surrogate’s court, but only in case the will was in existence at the time of the testator’s death, or was fraudulently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness. ’ ’ Since the will of Albert Fox was not in existence at the time of his death but had been destroyed two years earlier, it could not be probated unless it had been “fraudulently destroyed”. No possible meaning of the word ‘1 fraudulently ’ ’ fits this case. “ The fraud mentioned and referred to in this connection is a fraud upon the testator, by the destruction of his will, so that he should die intestate, when he intended and meant to have disposed of his estate by will and never evinced any change of that intent ” (Schultz v. Schultz, 35 N. Y. 653, 656). The precise question—as to whether the destruction of a will by a testator’s wife at his request and in his presence was fraudulent— was answered in the negative in Timon v. Claffy (45 Barb. 438, affd. sub nom. Conroy v. Claffy, 41 N. Y. 619). In the Timon case, as here, the statutory formalities for revocation (Decedent Estate Law, § 34) were not observed but the court held, nonetheless, that, since the will was not in existence and had not been ‘ ‘ fraudulently destroyed ’ ’, it could not be accepted by the probate court. Section 143 is the only source of a Surrogate’s power to probate a will destroyed during a testator’s lifetime. “ Before a lost or destroyed will can be admitted to probate there must be evidence to justify a finding that the will was in existence at the time of a testator’s death or was fraudulently destroyed in bis lifetime ” (Matter of Staiger, 243 N. Y. 468, 471). There is not and could not be such a finding in this case.
*413 In a proper case constructive fraud or “ fraud in law ” as to a will’s destruction may come within the terms and meaning of the statute so as to permit probate but the only likely instances are those where the testator dies without knowing that his will had been lost or obliterated (see Matter of Gethins, 97 Misc. 561; Matter of Dorrity, 118 Misc. 725; Matter of Shlevin, 157 Misc. 40; Matter of Breckwoldt, 170 Misc. 883). A testator who knows that his testament has been annihilated and accepts the fact and does nothing about it despite a reasonable opportunity to make a new will has not been the victim of a fraud, actual or constructive (see Matter of Reiffeld, 36 Misc. 472). It is not important whether we say with the Appellate Division that what happened here amounted to a post factum adoption of the prior destruction or say that the words “ fraudulently destroyed ” cannot be stretched to reach a case like this one. There is no decision anywhere allowing probate on such facts.
Since, then, Albert Frank Fox left no will exercising his power of appointment, it is unnecessary to take up the question as to the effect, if any, of “ Vesting Order 1043 ” issued by the Alien Property Custodian and served on the trustee of the Foster trust.
The order appealed from should be affirmed, with costs.
Judges Van Voobhis, Fboessel and Fosteb concur with Judge Ftjld; Chief Judge Desmond dissents in an opinion in which Judges Dye and Btjbke concur.
Order reversed, etc.