■ In the Matter of the Estate of CHARLES A. KRAUS, Deceased. MARIAN KOCH, Appellant; HELEN WALSH et al., Respondents.— In a proceeding to probate a will, the objectant appeals from a decree of the Surrogate's Court, Queens County, dated December 8, 1961, which, upon the court's decision after a nonjury trial, admitted to probate a copy of a paper writing as the lost or destroyed will of the decedent. Decree reversed on the law and the facts, with costs to all parties filing briefs, payable out of the estate, and matter remitted to the Surrogate for entry of a decree denying probate and for any other proceedings not inconsistent herewith. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The decedent made a will in 1957. At the time of his death in 1961, the ribbon copy or executed original of such will, which he had kept in his possession, could not be found. The petitioner offered a copy thereof for probate. By evidence that in 1959 the contents of decedent's strong box had been pilfered, petitioner sought to overcome the presumption that the decedent had destroyed the original will *animo revocandi*. A blind lodger in decedent's home testified that he knew the decedent's will had been stolen from the strong box because, at that time, the decedent had told him so. In our opinion, the evidence adduced to establish that the decedent had never revoked his will was incompetent (*Matter of Kennedy*, 167 N. Y. 163; *Matter of Staiger*, 243 N. Y. 468; *Matter of Blackstone*, 172 Misc. 479; *Matter of Rokofsky*, 111 N. Y. S. 2d 553). The danger in permitting evidence of the testator's declarations to prove his nonrevocation is as great as the danger in permitting evidence of his declarations to prove his revocation. Here, the evidence offered to overcome the presumption of revocation was not only incompetent; in addition, it would not prove that the will stolen was the same as the will sought to be probated. Nor was there any evidence that the stolen will was not recovered by the decedent and later destroyed by him with the intent to revoke it. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.