Joseph A. Cox, S.
The widow of the decedent petitions for probate of a testamentary instrument allegedly fraudulently destroyed in the decedent’s lifetime (Surrogate’s Ct. Act, § 143). It has been established that the instrument was validly executed as a will, that the testator was competent and that he was not under restraint (Surrogate’s Ct. Act, § 144).
Since the instrument was in the testator’s possession and could not be found after his death, the legal presumption is that he destroyed the paper animo revocandi (Matter of Staiger, 243 N. Y. 468; Matter of Fox, 9 N Y 2d 400). The sole question is whether there is proof rebutting this presumption.
The propounded instrument and a will of the testator’s mother were in the testator’s possession and, following his mother’s death on November 17, 1961, the testator removed both instruments from the place of safekeeping where they had been deposited. There was testimony as to declarations by the testator to the effect that, 'Subsequent to his mother’s funeral, he was unable to locate either will and there also was testimony that the testator had declared only a few days prior to his own death that he was continuing his search for both wills. All this testimony as to declarations of the decedent must be disregarded (Matter of Fox, supra; Matter of Staiger, supra; Matter of Kennedy, 167 N. Y. 163).
A fact, not without relevance, is that the testator instituted a proceeding in Bronx County to probate his mother’s will as a lost will. There also was proof through the testimony of a wholly disinterested witness, as well as by another witness to whose competence no objection was interposed, that the testator, in the presence of these witnesses, made exhaustive searches for his will in his home and at his place of business during the period elapsing between his mother’s death and his own death on March 17, 1962.
While other reasons may have been ascribed as a basis for excluding declarations of a testator (cf. Matter of Kennedy, supra), it must be recognized that statements of a testator would constitute strong evidence of his intention were the court not aware of the dangers of accepting such statements because of *47 doubts as to both the accuracy and truthfulness of witnesses and also because of the possibility that the testator may have deliberately misrepresented his true intention (3 Page, Wills [BoweParker Rev.], § 29.144, p. 708). “ Few declarations deserve less credit than those of men as to what they have done by their Wills. The wish to silence importunity, to elude questions * * * must be taken into consideration ” (Pemberton v. Pemberton, 13 Ves. Jun. 290; 33 Eng. Rep. 303, 307). There is an obvious basis for distinguishing between hearsay statements attributed to the testator and direct testimony as to the acts of a testator. Rules as to the admission or exclusion of evidence are fundamentally based upon the reliability of the proffered proof. The physical acts of the testator in searching bureau drawers and closets at his home and in rummaging through papers at his place of business cannot be considered as consistent with a prior intentional destruction of his will. This would seem particularly true when proof of actual destruction is lacking and the only intimation of such a destruction is founded upon a presumption arising from the absence of information. The law of evidence has long recognized direct declarations constituting part of the res gestee as evidentiary and it would seem to be well within this concept of believable proof to regard the actual conduct of a testator as evidence. There is no reason to place such conduct in the same category as declarations and thus to attribute the conduct to a desire to placate relatives or to evade the inquisitive. The only motivation of the testator in conducting a search could have been to locate a paper which he had not destroyed. The test as to the admissibility of a will pursuant to section 143 of the Surrogate’s Court Act was laid down in Matter of Fox (supra) where it was said (p. 408): “ By requiring proof that a lost or destroyed will was either ‘ in existence at the time of the testator’s death, or was fraudulently destroyed in his lifetime the Legislature merely intended to require proof that either the will had not been destroyed during the testator’s lifetime or that, if destroyed during his lifetime, it had not been destroyed by him or by his authority. In other words, all that section 143 requires is proof that the testator himself had not revoked the lost or destroyed will, proof that would overcome the common-law presumption of revocation.”
The court is of the opinion that the proof in this proceeding has met the test prescribed by the Court of Appeals and, accordingly, the propounded paper is admitted to probate.