Lyman H. Smith, S.
Joan L. Poppe died a resident of Yates County, State of New York, February 5, 1969.
A paper writing, dated August 20, 1966, has been offered for probate. This purported will bears the signature of one Mary C. Beers with whom the deceased resided for many years. There is no attestation clause. This court is satisfied, after a plenary hearing, that Mary C. Beers signed the instrument as a witness. However, the guardian ad litem of decedent’s granddaughter (daughter of a deceased son) objects to the probate of this instrument.
The document reads as follows: “ To whom it may concern; Anything remaining after I have left this world is to be equally divided among my three grandchildren.
‘ ‘ The exception is the furniture which I have given to Eastman and Mary Beers in their home which bears my name for a consideration; to be used by me as long as I live. The fact that they have given me such a happy home is part of the remuneration I have received.
“ I should like Eastman Beers to see that this is carried out to the best of his ability. “ Joan Louise Poppe, “ August 20, 1966, Mary C. Beers ”.
The objection of the guardian ad litem is well taken. As a matter of law, this is not a holographic will (EPTL 3-2.2). While this latter provision of the new EPTL has broadened to some extent the acceptance of holographic wills, the section nevertheless retains the pre-emptive policies embodied in old section 16 of the Decedent Estate Law. It grants the privilege of informal testation to military personnel only. There is no claim and no proof here that the decedent was in the military service at the time the proffered instrument was executed. Further, the document, although signed by the decedent, was witnessed by only one person and, therefore, was not executed with the formality required by EPTL 3-2.1. A will must be witnessed by two persons. (See Matter of Voice, 38 Misc 2d *419 779, affd. 19 A D 2d 945; also, see Matter of Semler, 176 Misc. 687.) At best, the instrument is a confirmation of a gift of furniture already made. The document may not be admitted to probate.