OPINION OF THE COURT
John D. Bennett, J.
The subject of this proceeding is the question of revocation of a six-page handwritten document dated June 17, 1960, an alleged carbon copy of which has been offered for probate as the last will and testament of the decedent, Anna C. Engelken.
The decedent, an attorney, died on May 10, 1977. On June 27, 1977, letters of administration were issued to the Public Administrator, County of Nassau, who received the keys to the decedent’s residence from a Nassau County police detective on May 11, 1977 and made a thorough search of the residence.
Among the decedent’s personal papers the public administrator found a sealed envelope bearing the words “Copy of Deed to Lutheran Cemetery,” “Copy of Last Will and Testament” and the signature “A. C. Engelken”. On the back of the envelope, written across the flap was the signature "A. C. Engelken”.
The envelope was found to contain a deed to a cemetery plot at Lutheran Cemetery and an apparent carbon copy of a handwritten document purporting to be the last will and testament of the decedent. The objectants concede that the document is written in the decedent’s handwriting. No evidence was offered to prove that the document was a carbon copy although the proponent herself alleges that it is a carbon and not a ribbon copy. The back of the last page is blank except for the following handwritten words: “Copy of Last Will and Testament of Anna C. Engelken” and "Original in Safe Deposit Box in Jam. Savings Bank.”
The instrument provides for the disposition of real property, bequeaths $300 to each of eight cousins of the decedent and the residuary estate to William Ringe and Ruth Ringe a cousin. It appoints William Ringe and Ruth Ringe executors of the estate. Three of the cousins named in the instrument and five other individuals whose status is contested by the proponent are the objectants in this proceeding.
At the time of her death, the decedent no longer rented a safe deposit box at the Jamaica Savings Bank. An inspection *774 of her safe deposit box at the National Bank of North America in Williston Park by the attorney for the Public Administrator of Nassau County failed to disclose any instrument purporting to be the last will and testament of the decedent or a copy thereof.
Where a will is last known to be in the possession of the decedent and is not found at his death, the presumption arises that the decedent himself destroyed the will anima revocandi (Matter of Staiger, 243 NY 468; Knapp v Knapp, 10 NY 276). This presumption of intentional revocation may be rebutted by circumstantial evidence (Matter of Mittelstaedt, 278 App Div 231, 280 App Div 163, app dsmd 304 NY 795, 876).
In the present case, the witnesses, whose names are printed on the instrument offered for probate, testified regarding the execution and attestation of the decedent’s will in 1960, the signing of a copy of the will by the decedent, in their presence, and the retention of both the original and the copy by the decedent.
The proponent contends that the instrument offered for probate is a duplicate original rather than a copy of the original will and that the existence of a duplicate original overcomes the presumption of revocation.
Where the proponent of a will cannot produce the executed ribbon copy but produces a fully executed carbon copy which was in the decedent’s possession at the time of his death, the presumption of revocation is overcome (Matter of Mittelstaedt, supra; contra Matter of Blackstone, 172 Misc 479; Matter of McChesney, 118 Misc 545; Matter of Mishkin, 235 NYS2d 599; Matter of Flanagan, 38 NYS2d 696).
In the present case, there is no evidence that the witnesses, whose names are printed on the carbon copy, signed the copy. EPTL 3-2.1 sets forth the requirements for the execution and attestation of wills. A will must be signed at the end by at least two witnesses. The privilege of informal testation is granted to mariners at sea and military personnel only (Matter of Poppe, 60 Misc 2d 418; EPTL 3-2.2). Since there is no proof that the decedent satisfied these requirements, the conclusion must be that the instrument was not executed with the necessary formalities and is at best a conformed copy of the original. The presumption of revocation is therefore operative (Matter of MacDonald, NYLJ, May 1, 1975, p 39, col 7, affd 50 AD2d 836, affd 40 NY2d 995).
*775 The proponent argues in the alternative, citing Matter of Herbert (89 Misc 2d 340), that the presumption of revocation is rebutted by evidence that the decedent retained the carbon copy among her important papers and treated the copy as an original.
In Matter of Herbert (supra) decided by this court, retention by the decedent of a reproduced copy of his will along with an original codicil executed subsequent to the execution of the will, was held to rebut the presumption of revocation. No such circumstances exist in the present case. Here, the words on the back of the carbon copy explicitly state that the original will is located in a safe deposit box. Clearly, the decedent did not believe that the carbon copy offered for probate was her original will nor did she intend it to be accepted as such.
At the hearing the proponent attempted to have admitted into evidence a letter from the decedent dated April, 1968, addressed "To Whom It May Concern” stating that Ruth Ringe was the executrix of her estate, an envelope labeled "open in case of death or supreme emergency Anna C. Engelken” and the contents of the envelope. Inside the envelope was a writing labeled "For Obituary” and on the reverse side the following words: "In Case of Emergency Last Will and Testament names Wm=Ruth Ringe of 361-7th Ave., Bklyn, as executors, tel=SO 8-2113.” Also offered in evidence were the decedent’s telephone book and personal record and data book. The court permitted these items to be marked for identification only. The proponent argues that the letter, in particular, is admissible to prove nonrevocation.
Declarations of a deceased concerning revocation or nonrevocation are only admissible as part of the res gestae (Matter of Bonner, 17 NY2d 9; Matter of Staiger, 243 NY2d 468, supra; Matter of Kennedy, 167 NY 163; Matter of Blackstone, supra), the reason being that it is likely that a decedent may have attempted, during his lifetime, to "silence importunity [and] elude questions” concerning the testamentary disposition of his property and therefore statements made to third parties concerning his will have little credibility (Matter of Blackstone, supra, p 482). This reasoning applies with equal force to statements in writing. Written declarations of a decedent which are not received as part of the res gestae are inadmissible on the question of revocation (Matter of Lawlor, 86 App Div 527; Matter of Hug, 201 Misc 711, affd 284 App Div 870). In any event the letter if admitted into evidence, at best *776 might prove nonrevocation as of 1968, more than nine years prior to the decedent’s death.
The proponent’s argument that the 1968 letter constituted a republication of the 1960 instrument is wholly without merit. EPTL 3-4.6 requires that there be a re-execution and reattestation for republication of a prior will.
A careful review of the evidence in this case discloses that the proponent has failed to offer sufficient proof to rebut the presumption of revocation and accordingly, the petition for probate of the instrument dated June 17, 1960, and filed with this court on February 9, 1978, is denied.