Matter of the Probate of the Last Will and Testament of AUGUSTA CURRIE FIELD, Deceased.

(Surrogate's Court, Westchester County, November, 1919.)

**Wills — when one of duplicate wills cannot be proved.**

Where decedent, having decided to change her will which had been made in duplicate, destroyed the duplicate which was in her personal possession about a year prior to her death, with intention to revoke the will, probate of the other duplicate will be denied.

PROCEEDING upon the probate of a will.

Surrogate's Court, Westchester County, November, 1919.    [Vol. 109.

Charles T. Lark, for petitioner.

No other appearance.

SLATER, S.   From an examination of the petition herein, it appears that the decedent executed her will in duplicate and that the paper herein offered for probate is one of the duplicates.   An examination of the paper itself reveals that it is a carbon or second carbon copy and not an original or first copy as one would expect to find a last will and testament to be, if executed in one part only, and also that decedent stated in the *In Testimonium* clause therein that she executed it in duplicate.   The petition further states that the other duplicate part of the instrument was in the personal possession of the decedent about a year prior to the time of her death, and that decedent stated at that time that she expected to change her will.   That duplicate was never seen again and could not be found after the death of the decedent.

All of these facts point to the conclusion that the decedent executed her will in duplicate, that she had one of the duplicate parts in her personal possession, that she later decided to change the will and destroyed the duplicate in her possession with the intention of revoking the will.

The law of this state seems to be settled by the cases of *Crossman* v. *Crossman,* 95 N. Y. 145, and *Matter of Schofield,* 72 Misc. Rep. 281, that such destruction by the testatrix of one of the duplicate wills would be a revocation of the will, or at any rate, that one of the duplicate examples of a will executed in duplicate cannot be probated unless the other example is produced before the surrogate, or its absence satisfactorily explained.   In this case there is no suggestion that the missing duplicate was fraudulently destroyed

before the death of the decedent, nor that it was in existence at and has been lost or destroyed since the decedent's death. It has simply disappeared after having been in the possession of the decedent as above stated. There can be no doubt that to such a state of facts we must apply the established presumption that a will proven to have had existence and not found on the death of the testatrix was destroyed *animo revocandi. Knapp* v. *Knapp,* 10 N. Y. 276, 278; *Matter of Cunnion,* 201 id. 123; *Matter of Wear,* 131 App. Div. 875.

I accordingly hold that the will of Augusta Currie Field was revoked by her in her lifetime, and that probate of the paper or example produced in court must, therefore, be denied.

Probate denied.