In the Matter of the Petition of EVADNE J. R. PHILLIPS for the Probate of the Last Will and Testament of EMELINE M. McCHESNEY, Deceased.

Surrogate's Court, Rensselaer County, April, 1922.

**Wills — duplicate instruments — failure to produce both copies — presumption of revocation.**

A will having been executed in duplicate one duplicate was given to the testatrix. Upon a proceeding brought by one of the executrices, the principal legatee, to probate the other duplicate which the lawyer who drew the will had retained and put in his safe, *held*, that the presumption of revocation arising from the non-production of the other duplicate applied to both, and probate of the duplicate offered as the last will and testament of decedent will be denied in the absence of explanatory evidence as to whether or not the missing duplicate had been lost or destroyed before or after the death of the testatrix.

PROCEEDING to probate will.

*Raymond E. Aldrich*, for proponent.

*H. Judd Ward*, for Tenette McChesney and others, contestants.

*Thomas S. Fagan*, special guardian for unknown parties.

RUSSELL, ACTING S.   One of the duplicates of an instrument purporting to be the last will and testament of Emeline M. McChesney has been offered for probate in this court by the petitioner Evadne J. R. Phillips of Rochdale, N. Y., who is one of the executrices and principal legatee named in the said duplicate of the instrument purporting to be the last will and testament of Emeline M. McChesney.

35

Surrogate's Court, Rensselaer County, April, 1922.    [Vol. 118

It appears clearly from the evidence produced by the attorney who drew the duplicates that the will was executed in duplicate at the same time and that when it was so executed one duplicate, which was evidently the "authentic" example, was given to Emeline M. McChesney and the other example was retained by the lawyer who drew the will and was placed in his safe and which example is the duplicate now offered for probate in this court.

There is no evidence sustaining the petition for probate which explains whether or not the missing duplicate has been lost or destroyed before or after the death of Emeline M. McChesney, the testatrix. The petition for probate is in the ordinary legal form and is silent on the subject of the example not produced in court. The facts in relation to the missing duplicate were strongly brought out in the contestant's objections and motions.

Counsel for the contestants has asked for the production of the missing duplicate and when such a motion is made it is undoubtedly the duty of the court to require the production of the missing duplicate in order that the court may inspect both duplicates so that it may be seen whether or not they are precisely alike and whether or not there has been any revocation.

Inasmuch as the example which was in the possession of the testatrix during her lifetime has not been produced the established presumption is " that a will proved to have had existence and not found at the death of testator, was destroyed *animo revocandi*." *Knapp* v. *Knapp*, 10 N. Y. 276, 278; *Matter of Schofield*, 72 Misc. Rep. 281, 286; *Crossman* v. *Crossman*, 95 N. Y. 145.

From the fact that this presumption of revocation as to the duplicate which was in the possession of the testatrix at the time of her death has not been explained, such revocation becomes a revocation of both duplicates. *Crossman* v. *Crossman, supra.*

The reason or reasons for the missing example which was in the testator's possession during her lifetime are not given; what her thoughts were with respect to this last will and testament, we do not know and cannot, therefore, consider. We must, therefore, be guided by the law established in such a case and that is the presumption that such will was revoked in accordance with the principle of law as laid down above.

At the close of the proponent's case counsel for the contestants made a motion for the denial of the probate of the duplicate produced in court by the petitioner upon several grounds and the court reserved decision. In view of the law to which I have referred, I am of the opinion that the motion should be granted and the probate of the duplicate of the instrument of the date

May 17, 1919, as the last will and testament of Emeline M. McChesney, be denied.

Let a decision and a decree in conformity with this opinion be presented.

Decreed accordingly.