In the Matter of the Probate of the Last Will and Testament and Codicils of CATHARINE A. BALDWIN, Deceased.

FRANK M. COLLIN, Surviving Executor, etc., of CATHARINE A. BALDWIN, Deceased, and Others, Appellants; REMSEN M. KINNE and Others, Respondents.

Fourth Department, March 10, 1926.

**Wills — execution — holographic will was drawn and apparently executed with legal formality — attesting witness who was sixty-seven years of age testified she did not see testatrix sign or see her signature and that testatrix did not acknowledge will — testimony of witness twenty-five years after event will not outweigh other circumstances showing due execution.**

The testimony of an attesting witness given twenty-five years after a will was executed and at a time when the witness was sixty-seven years of age, to the effect that she did not see the testatrix sign the will and did not see the testatrix's signature upon the will, and that testatrix did not acknowledge that she had signed it, will not be permitted to outweigh other circumstances tending to show due and proper execution of the will, which circumstances include the fact that the will was drawn by the testatrix herself and was drawn with all due legal formality, including a full attestation clause, and with the exception of testimony of the attesting witness was apparently executed with all the formalities required by law.

TAYLOR, J., dissents, with memorandum.

APPEAL by Frank M. Collin, as executor, etc., and others, from a decree of the Surrogate's Court of the county of Yates, entered in the office of said Surrogate's Court on the 10th day of July,

1925, denying probate of the last will and testament of Catharine A. Baldwin, deceased.

*Huson & Hyland* [*Calvin J. Huson* of counsel], for the proponent, appellant.

*Lapham, McGreevy & Ryan* [*William· S. McGreevy* of counsel], for the appellants.

. *Spencer F. Lincoln,* for the respondents.

PER CURIAM. Whether the will in question was executed in accordance with the statutory requirements is, under the circumstances of this case, a question of fact. (*Matter of Eldred,* 109 App. Div: 777.) This court is·required to review the facts *de novo.* (Surrogate's Court Act, § 309.)

Catharine A. Baldwin, deceased, was evidently a very intelligent woman who was in the habit of transacting business. She drew her will in her own handwriting, including a full attestation clause. The surviving witness testified that she did not see the testatrix sign the will, that she did not see the testatrix's signature upon the will, and that the testatrix did not acknowledge that she had signed it. · Otherwise the will is conceded to have been executed with all the formalities required by statute. (2 R. S. 63, § 40; now Decedent Estate Law, § 21.)

The will was dated March 9, 1900. The witness testified before the surrogate in April, 1925, twenty-five years after the execution of the will. She was then sixty-seven years of age. She had forgotten some of the incidents connected with the execution of the will. After the death of the testatrix the will was found in her safety deposit box at the bank of which her husband had formerly been president. When found the will was signed by the testatrix. The attestation clause, in her own handwriting, recites that it was subscribed by the testatrix at the date thereof and that she acknowledged that she executed the same. The other witness to the will died before the testatrix.

We have reached the conclusion that the will was properly signed and executed, that all the formalities required by law were complied with, and that the will should be admitted to probate. Under the facts in this case, and in view of the fact that this is a holographic will, the evidence of the surviving witness given twenty-five years after the will was executed should not outweigh the other facts and circumstances which tend to establish the proper execution of the will. (*Matter of Cottrell,* 95 N. Y. 329; *Wyman* v. *Wyman,* 118 App. Div. 109; affd., 197 N. Y. 524.)

The decree refusing probate should be reversed and the matter

remitted to the Surrogate's Court, with directions to admit the will to probate, with costs to the appellants payable out of the estate.

Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ. All concur, except TAYLOR, J., who dissents and votes for affirmance on the ground that there is no evidence sustaining a finding that this will was executed according to statutory formalities. The record presents facts and circumstances pointing to a sufficient publication of a will evidencing the wishes of the testatrix, but not pointing to a legal execution. The affirmative, oral testimony was all to the effect that the requirements of section 21, subdivision 2, of the Decedent Estate Law were not fulfilled.

Decree so far as appealed from reversed on the facts and matter remitted to the Surrogate's Court with directions to admit the will to probate, with costs to the appellants payable out of the estate. Certain findings are reversed and new findings made.