In the Matter of the Estate of JOHN CRANSTOWN MOORE, Deceased.

Surrogate's Court, Suffolk County, July 14, 1930.

*Harris & O'Grady*, for the petitioner.

*Theodore Joanni, Jr.*, for the contestant.

*Hamilton Ward, Attorney-General* [*Victor R. Kaufmann, Deputy Assistant Attorney-General*, of counsel], for the State of New York.

PELLETREAU, S.   This proceeding is instituted to probate a paper dated May 11, 1925, as the last will and testament of John Cranstown Moore, deceased.   Such paper was duly executed as a will and, in my opinion, the said John Cranstown Moore was competent to make such will and was not coerced or unduly or fraudulently influenced in making the same.

It appears, however, that on March 13, 1926, the said John Cranstown Moore executed another will in triplicate.   Two of the examples have been presented and offered in evidence herein, and there is likewise due and sufficient proof of the execution thereof and that the decedent was competent to make the same and not under restraint or undue influence.   It appears, however, that the third original example of said last will — and it was in the possession of said decedent — has not been and cannot be found.   There is no evidence of its being in existence at the time of the death of said decedent.

It is a fair presumption that a testator has destroyed his will with the intent to revoke it where it was last seen in his possession and cannot be found after his death.   Aside from said presumption there is some proof in the testimony affirmatively showing the destruction by the testator, in his lifetime, of the third original example of said will in his possession.   Under such circumstances, the destruction of the one original of said three examples of the last will dated March 13, 1926, operates as a revocation of such will and it cannot be admitted to probate.

There being, however, a revocation clause in said will of March 13, 1926, and ample proof of its due execution, competency of the decedent, and without restraint, the later will revokes the former one of May 11, 1925.   The said will of May 11, 1925, is not revived by the fact that the later will cannot be found or was destroyed by the decedent in his lifetime.

The following cases have some bearing upon the situation involved

in this case: *Asinari* v. *Bangs* (3 Dem. 385); *Matter of Schofield* (72 Misc. 281); *Betts* v. *Jackson* (6 Wend. 173); *Matter of Bennett* (166 App. Div. 637); *Matter of Barnes* (70 id. 523); *Matter of Wear* (131 id. 875). (See, also, Dec. Est. Law, § 41.)

It follows, therefore, that the probate of both wills must be denied.

Decree accordingly.