In the Matter of the Estate of SEVERIN A. BREDING, Deceased.

Surrogate's Court, Westchester County, November 30, 1936.

*Edward P. Barrett* [*Harrison T. Slosson* of counsel], for the petitioner.

*John T. Waters*, for the respondent, Israel H. Mandel.

SLATER, S. Israel H. Mandel, an attorney of Brooklyn, filed in this court on October 2, 1936, decedent's will dated September 8, 1933. It was a carbon copy of an executed original. It does not disclose on its face that it was one of two original examples.

On October 5, 1936, decedent's widow filed an application for letters of administration upon the husband's estate, alleging that he died intestate. The petitioner further alleges, upon information and belief, that the decedent, on September 8, 1933, executed a paper writing purporting to be a will; that a carbon copy thereof was delivered by decedent to Israel H. Mandel, and the original retained by the decedent; that, as late as February, 1936, the original was in the possession of the decedent and that, subsequent to his death on September 23, 1936, a diligent search was made to ascertain whether decedent left such paper writing and where the same could be found; that the original example of each paper writing purporting to be a will has not been found and petitioner believes that decedent revoked said paper writing by the destruction thereof.

Israel H. Mandel was made a party and he filed an answer on October 20, 1936, in which he alleges that the decedent, on September 8, 1933, duly executed in duplicate his will, wherein the respondent was named as coexecutor with the Caleb Heathcote Trust

Company of Scarsdale; that he has filed one of the duplicate original wills in this office. He further alleges that the other duplicate will was not destroyed by the decedent with intention to revoke the same.

The testimony of the witnesses produced by the petitioner was that the duplicate original example was last seen in decedent's possession in February, 1936; that diligent search had been made through his office files and at his home, in safe deposit vaults, and among personal effects, and such paper writing was not found.

The law affecting the revocation of wills by a decedent applies to a single executed paper, or to original duplicates, or triplicate examples purporting to be wills.

If a will shown once to have existed and to have been in the testator's possession cannot be found after his death, the presumption is that he destroyed it *animo revocandi*, but this presumption may be rebutted by evidence. (*Matter of Cunnion*, 201 N. Y. 123, 126 [1911]; *Matter of Field*, 109 Misc. 409 [1919]; *Matter of Andriola*, 160 id. 775 [Oct. 1936].)

The application for letters of administration is based on an allegation of revocation and this allegation is the decisive issue in this proceeding. Neither the Revised Statutes, nor the Decedent Estate Law, contains any mention of wills to be made in duplicate. But such wills have been before the courts and are recognized in practice. In the instant case it has been established that the testator did not have possession of both examples, or duplicates. The revocation of the example in the testator's custody works a revocation of a duplicate will as a whole. Here there is no proof that the testator acted to destroy the example in his custody, but it was not found at his death, nor was it produced at the hearing upon the instant application. It has disappeared. The court must then apply the established presumption that a will proven to have had existence and last in possession of a decedent and not found at the death of the testator was destroyed *animo revocandi*. (*Knapp* v. *Knapp*, 10 N. Y. 276; *Matter of Schofield*, 72 Misc. 281.) Such presumption of revocation was not rebutted by evidence. Nor was it shown by facts and circumstances that the will was fraudulently destroyed. Nor was any evidence offered that the testator was not of sound mind at all times after he was last seen with the will. (*Matter of McChesney*, 118 Misc. 545; *Matter of Sharp*, 134 id. 405; *Matter of Moore*, 137 id. 522; *Matter of Fogarty*, 155 id. 727.)

In *Matter of Staiger* (243 N. Y. 468) there was no evidence whatever that the will of the testatrix was in existence at the time of her death, or that it had been fraudulently destroyed prior thereto.

The court applied the rule of presumption, and held that such presumption stands in the place of positive proof.

On this application for letters of administration the burden of proof fell upon the petitioner, and such burden has been sustained by establishing the fact that the will was last seen in decedent's possession, and cannot now be found after diligent search. It follows that the presumption that the will was destroyed by the testator during his lifetime with the intention of revoking it, must prevail. Letters of administration are granted to the petitioner, the widow of the decedent.

Submit order accordingly.