In the Matter of Proving the Last Will and Testament of JACOB JACOBSTEIN, Deceased.

HANNAH JACOBSTEIN, GOLDENE BLINKOFF and HAROLD JACOBSTEIN, Contestants, Appellants; BENJAMIN JACOBSTEIN, Proponent, Respondent.

Fourth Department, March 9, 1938.

*Philip Halpern,* for the contestants, appellants.

*Harold G. Conger,* for the proponent, respondent.

Lewis, J.   Our decision in this appeal turns upon a question of practice which arose when specific questions of fact, framed by a Surrogate's Court in a contested probate proceeding, were referred to the Supreme Court for trial.

At the conclusion of proof counsel for both the proponent of the will and the contestants moved for the direction of a verdict. The court reserved decision upon both motions and after a recess directed a verdict for the proponent without ruling upon the contestants' motion.   The record fails to disclose that the contestants were advised either that their motion for a directed verdict had been denied or that the court intended to grant the proponent's motion to that effect.

It appears, however, that immediately after the verdict had been directed in accord with proponent's motion and before the jury had retired, counsel for the contestants excepted to the court's ruling and at that time, by formal motion, asked that four specific questions of fact be submitted to the jury for determination.   It should also be stated that in support of that motion counsel for the contestants called to the attention of the court the fact that it had granted the

proponent's motion for a directed verdict, "without having first indicated that it was to deny [contestants'] motion and without giving the contestants an opportunity to go to the jury on the questions of fact involved."

The right of the contestants to challenge this procedure has been preserved by exceptions which we believe were well taken.

We regard it as settled law that despite a motion for a directed verdict by each party, an unsuccessful party may move to have issues of fact submitted to the jury at any time before the verdict of the jury is rendered. "The action of the parties in jointly moving for the direction of a verdict does not reach the irrevocable stage until the verdict is actually pronounced by the jury." (*Mann* v. *Franklin Trust Co.*, 158 App. Div. 491, 493; *Brown Paint Co.* v. *Reinhardt*, 210 N. Y. 162, 165. Cf. 4 Carmody's N. Y. Practice [2d ed.], p. 3146.) As to this rule it has been said: "The theory upon which the motion for a directed verdict is deemed a consent to a determination by the court of the questions of fact is that a party by not asking to go to the jury after making the motion, consents to such determination by the court. But a request to go to the jury after the determination of the motion for a directed verdict negatives that implied assent. A party has a right to an explicit determination of his motion and an opportunity after such determination to make his request to go to the jury, and this right cannot be defeated by any quick action of the court in the direction of a verdict." (*International Battery Co., Inc.*, v. *Westreich*, 182 App. Div. 843, 845.)

It may well be that in the case at bar counsel for the contestants deemed it essential to the protection of his clients' legal rights that a motion be made for a directed verdict upon the ground that only questions of law were involved. It did not necessarily follow as an inference, however, that by such a motion it was intended to waive the contestants' right to have the jury pass upon questions of fact in the event of an adverse ruling upon their motion. (*O'Connor* v. *Webber*, 239 N. Y. 191, 198.) Such an inference in this case is clearly inconsistent with the fact that, despite the failure of the trial court to rule upon contestants' motion for a directed verdict, a motion was promptly made, after the court had directed a verdict in favor of the proponent, to have certain questions submitted to the jury.

A "waiver of the right to go to the jury in such a case as this rests on the element of intent." (*O'Connor* v. *Webber*, *supra*, p. 198.) We find nothing in the record before us to indicate an intent by the contestants to waive such a right. On the contrary, there is clear proof of their intent to invoke that right and, in fact — as already pointed out — it is a matter of record that they promptly asserted it.

In *Kinner* v. *Whipple* (198 N. Y. 585) the Court of Appeals, in

determining a question of practice similar to the one now before us, adopted as its ruling the dissenting opinion of Mr. Justice COCH-RANE in the court below (128 App. Div. 736). The following statement in that opinion has strongly influenced our decision (pp. 742, 743): "The rule is unquestionable that if both parties at the close of a case move for its disposition by the court as a matter of law they are deemed to have consented that all questions of fact as well as law be decided by the court; but it is equally well settled that a party may recede from such motion even after it has been decided adversely to him and stand on his right to have a question of fact submitted to the jury if he so requests. * * * The rule that questions of fact as well as law are deemed to have been submitted to the court for determination where both parties ask the court to dispose of the case as one of law is somewhat strained and artificial. * * * Such rule rests on a presumed consent of the parties when they make such motions that the case be disposed of as one of law, but such presumption is repelled by an express request thereafter made to go to the jury upon a question of fact." This statement of the rule was reaffirmed in *Brown Paint Co.* v. *Reinhardt* (*supra*, p. 165), in which case the opinion by Judge MILLER collates and analyzes various rulings which were formerly cited by those who held a contrary view. (See, also, *Misner* v. *Kuchenreuther*, 212 App. Div. 741, 745-747; *Scott* v. *Empire State Degree of Honor*, 204 id. 530, 532, 533; *Happel* v. *Lehigh Valley R. R. Co.*, 210 id. 461, 462; *Washington Finance Corp.* v. *Samuels*, 224 id. 672; *MacIvor* v. *Schwartzman*, 226 id. 746; *O'Brien* v. *Tilden*, 228 id. 502, 504; *Matter of Decker* v. *Story*, 232 id. 866; *Smith* v. *Stanton*, 244 id. 804.)

We also believe that the proof of circumstances which attended the signing of the instrument, now asserted to be decedent's last will, was such as to create a question of fact whether the manner of its execution was in accord with statutory requirements. (Dec. Est. Law, § 21; *Woolley* v. *Woolley*, 95 N. Y. 231, 235, 236; *Matter of Turell*, 166 id. 330, 336; *Matter of Baldwin*, 216 App. Div. 111, 112; affd., 243 N. Y. 646; *Matter of Nash*, 76 App. Div. 212; *Matter of Eldred*, 109 id. 777, 780.)

Furthermore if, as claimed here, the propounded instrument was executed in triplicate, the burden was cast upon the proponent to produce the face copy retained by the decedent more than twenty years ago, or — failing to do so — to account in such a manner for its non-production as to negative the inference of revocation. (*Matter of Kennedy*, 167 N. Y. 163, 168; *Collyer* v. *Collyer*, 110 id. 481, 486; *Matter of Cunnion*, 201 id. 123, 126; *Matter of Schofield*, 72 Misc. 281, 286; *Matter of Field*, 109 id. 409, 411; *Matter of Breding*, 161 id. 322, 323. See, also, 1 Heaton Surrogates' Courts [5th ed.],

p. 254, § 14; 1 Williams Law of Executors [7th ed.], pp. 157, 158.) Under this rule and in view of the fact that the proponent offered no proof of the existence at the time of decedent's death of the copy of the instrument which had been delivered to the decedent at the time of its alleged execution in 1917, we believe the trial court erred in denying contestants' motion to reopen the case for the presentation of proffered evidence of a search made for decedent's copy and the result of such search.

These considerations lead us to conclude that the order from which appeal is taken should be reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

Order reversed on the law and the facts and a new trial granted, with costs to the appellants to abide the event.