In the Matter of the Probate of the Last Will and Testament of Tom H. Robinson, Deceased.*

J. M. Browning Crowell, as Executor, etc., of Tom H. Robinson, Deceased, Appellant; Emma Robinson, Contestant, Respondent.

Fourth Department, June 28, 1939.

* Affg. 168 Misc. 545.

*Charles F. Blair*, for the appellant.

*Walter M. Bernhardt*, for the respondent.

CROSBY, J.   This is an appeal from a decree of the Surrogate's Court of Erie county denying probate of the alleged last will of decedent, on the ground that the same was executed in duplicate, and that one of the duplicate originals was not produced, and that its loss was not accounted for.   The essential facts in the case are free from dispute.   The attorney who drew the will and supervised its execution in duplicate, as well as his stenographer, who was a subscribing witness, gave testimony from which the proponent seeks to draw the inference that the will was not executed in duplicate, and that one of the papers was an " original will " and the other a " carbon copy " thereof.   But the undisputed proof is that the will was fully executed in duplicate.   I know no reason why the paper printed in carbon should be called the copy more than the one printed with ink from a typewriter ribbon.   Both were signed by the testator and by the witnesses, and one was as much the testator's will as the other, in fact both together constituted his will.   (*Crossman* v. *Crossman, infra.*)   After execution the paper printed in typewriter ink was delivered, for safekeeping, to the lawyer who drew it, the so-called " carbon copy " was kept by the testator and taken away by him.   Later, in a letter written by testator to his lawyer in relation to the will, he wrote: " You have a copy of it [the will]."   But we reject the claim that either was a " copy " in the sense of being a kind of shadow of the real and original will.

The Legislature has never prescribed any rules governing the practice to be followed in respect to probating wills executed in duplicate.   I believe it is the popular belief that when a testator executes a will in duplicate, and leaves one with the scrivener and retains the other in his possession, he lessens by half the chances of loss and accidental destruction of the will, thinking that if either paper can be produced it can be probated without accounting for the other.   But, under the decisions of the courts of this State, one who makes a will in duplicate subjects it to a double hazard of loss or accidental destruction which cannot be accounted for; and this may result in the defeat of testator's intentions by mere accident, or by the carelessness of a custodian of one of the duplicates, or even by the deliberate fraud of one having an interest

in defeating the will. The authorities are uniform in holding that when it appears, as here, that a will was executed in duplicate, one paper cannot be probated without producing the other or accounting for its non-production, the theory being that testator can destroy his will by destroying the one in his possession without repossessing and destroying its duplicate. (*Crossman* v. *Crossman*, 95 N. Y. 145; *Matter of Jacobstein*, 253 App. Div. 458.)

The reason for this rule is well stated in *Crossman* v. *Crossman* (*supra*). When two wills are executed simultaneously they constitute one document. They may not be identical in terms. If they differ, both should be offered for probate so that the whole will may be probated. If they are identical then only one need be probated because the other is incorporated in it, and it would be a useless ceremony to probate the same will twice. But the court cannot determine whether the two wills are identical unless both are produced.

Passing the subject of duplicate wills, section 143 of the Surrogate's Court Act provides: " Proof of lost or destroyed will. A lost or destroyed will can be admitted to probate in a Surrogate's Court, but only in case the will was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime, and its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness."

Notwithstanding the persuasive arguments of appellant's brief that the duplicate of the will which testator retained in his possession can be regarded as a mere copy, we are confronted by the fact that it is a part of the will itself and could have been destroyed, by testator, *animo revocandi*, thus destroying the whole will, and since, unlike a contract, a will is an ambulatory instrument (*Matter of Kennedy*, 167 N. Y. 163, 168), there is no presumption that testator did not destroy the duplicate in his possession. Indeed the presumption is that he did destroy it, and that presumption has to be overcome by proponent by showing that the will (the essential part of it which was in testator's possession) was either in existence " at the time of testator's death, or was fraudulently destroyed in his lifetime." (Surr. Ct. Act, § 143.)

In the case of *Matter of Vogelsang* (227 App. Div. 739) satisfactory proof of a fraudulent destruction was made, but in the instant case it has not been made. The contestant, testator's widow, would benefit by the destruction of the will, but the proof shows that all of testator's valuable papers — securities, bank books and the like — were kept in a safety deposit box of one whose interests are friendly to the will. Since testator lived with contestant, and since his will was adverse to her interest, it seems unlikely that he would keep all his other valuable papers in a place to which she

did not have access, and leave the one most hostile to her interest where she could get at it either before or after his death. The presumption that testator himself destroyed his will *animo revocandi* has not been overcome.

The decree should be affirmed, with costs to respondent payable out of the estate.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Decree affirmed, with costs to the respondent payable out of the estate.