In the Matter of the Probate of the Will of Elizabeth A. Branagan, Deceased.*

Surrogate's Court, Kings County, March 19, 1943.

*Patrick S. MacDwyer* for Mary G. Branagan, petitioner.

*Frank M. Foley,* special guardian.

McGarey, S. The testimony of the subscribing witnesses established that the decedent duly executed her will in duplicate at the Brooklyn Hospital in this county on the 18th day of May, 1936, and that at the time she was fully competent and not under restraint. Both of the counterparts were last seen by the subscribing witnesses during the lifetime of the decedent, immediately after execution, at which time they were in the possession of decedent's sister, who was present at the time of the execution.

The decedent died on March 8, 1942, and the executrix named in her will has offered for probate one of such counterparts, and inquiry is made as to the missing counterpart. The only witness called, in addition to the two attesting witnesses, was a friend of the decedent with whom she lived for several years prior to the execution of the will and thereafter. This witness

---

* See, also, *Matter of Martin,* 180 Misc. 113.— [Rep.

was also present at the hospital at the time of the execution of the will. She testified on the hearing that in September, 1940, when she and the decedent were preparing to move from their apartment in Brooklyn to Astoria, Queens County, the decedent took the instrument filed herein for probate out of an envelope and handed it to her, stating, "this is my will and I would like you to keep it in your desk for me." The decedent thereupon threw the envelope from which she had taken it into a waste basket.

The witness retained the instrument, given to her by the decedent at that time, until after the decedent's death, when the latter's sister, who had been present at the execution of the will, asked for and received it from the witness. At that time the sister asked the witness if she knew where the other one was, and a search was then made of the decedent's papers and personal effects which failed to disclose the missing counterpart. While there is no direct proof that decedent's sister delivered to decedent, after she returned from the hospital, both of the instruments in question, on the testimony as adduced it is a fair inference that decedent obtained both counterparts after her return from the hospital.

On the proof as presented proponent argues that the usual rule, that where duplicate wills are executed and the counterpart last shown to have been in possession of decedent cannot be found, the presumption arises that decedent destroyed it *animo revocandi,* does not apply, and that the statement of the decedent to the witness to whom she gave the instrument filed herein, with the declaration that it was her will, was admissible as part of the *res gestae* to prove nonrevocation of her will.

This testimony, however, was not admissible for the purpose nor does it tend, in any way, to establish that decedent did not retain the counterpart and subsequently destroy it *animo revocandi.* (*Matter of Kennedy,* 167 N. Y. 163; *Matter of Staiger,* 243 N. Y. 468; *Matter of Blackstone,* 172 Misc. 479.) The factual situations in *Matter of Pattison* (78 Misc. 699) and *Matter of Flynn* (174 Misc. 565, affd. 261 App. Div. 1052), cited by proponent, were different from those here presented. In *Matter of Pattison* there was testimony of a declaration by decedent as to the whereabouts of the counterpart and in *Matter of Flynn* the Surrogate held there had been a republication of the instrument received from her attorney. Here there was neither republication nor any declaration as to the counterpart.

The proponent has failed to rebut the presumption of the destruction of the counterpart for the purpose of revoking

her will, and probate of the propounded instrument must be denied. (*Crossman* v. *Crossman,* 95 N. Y. 145; *Matter of Kennedy, supra; Matter of Jacobstein,* 253 App. Div. 458; *Matter of Robinson,* 257 App. Div. 405; *Matter of Andriola,* 160 Misc. 775.)

Submit decree, on notice, accordingly.