In the Matter of the Estate of HENRY M. RINDER, Deceased.

Surrogate's Court, New York County, August 15, 1949.

*Samuel Falk* for Ruth L. Rinder, petitioner.

*Sperry, Weinberg & Ruskay* for Jacob Rinder and others, respondents.

*Herbert Lasky,* special guardian for Felice S. Rinder and another, infants, respondents.

*Simon S. Panush* for The Yeshivah and Mesifta Rabbi Israel Salanter Ahavath Torah, respondent.

*Siegfried F. Hartman* for Federation of Jewish Philanthropies of New York, respondent.

*Stroock & Stroock & Lavan* for Montefiore Hospital, respondent.

*Sidney I. Laitman* and *Leonard Siegel* for Faith Lodge No. 1044, F. & A. M., respondent.

FRANKENTHALER, S. Respondents object to the issuance of letters of administration upon the ground that deceased did not die intestate. They assert that a valid will exists in which they are named as beneficiaries. However, no effort has been made to offer any alleged will for probate. It is only in such proceeding that the validity of an alleged last will may be established (*Matter of Billet,* 187 App. Div. 309; *Matter of Friedman,* 164 Misc. 440; *Matter of Pearle.* N. Y. L. J., June 9, 1949, p. 2059, col. 6). Until such time there is no proof that deceased died testate (*Matter of Cameron,* 47 App. Div. 120, affd. 166 N. Y. 610) and letters of administration must issue as provided by statute (Surrogate's Ct. Act, §§ 118, 119; *Matter of Pearle, supra*).

The evidence adduced at the hearing shows that deceased executed a will in the year 1930 in which respondents appear as beneficiaries. That will was shown to have been executed in triplicate, but only two copies thereof have been accounted for by respondents. The remaining copy was in the possession and control of deceased. The law is well settled that where there has been multiple execution of a will, all of the counterparts,

collectively, constitute the will of the deceased person (*Crossman* v. *Crossman,* 95 N. Y. 145; *Matter of Andriola,* 160 Misc. 775). Thus, one seeking to establish such a will must produce or satisfactorily account for each part. A presumption arises, in the absence of such production or accounting, that the testator destroyed such executed copy, *animo revocandi,* and thus revoked his entire will, particularly when it is shown that the copy unaccounted for was in deceased's possession (*Crossman* v. *Crossman, supra; Matter of Schofield,* 72 Misc. 281; *Matter of Moore,* 137 Misc. 522; *Matter of Robinson,* 168 Misc. 545).

Furthermore, the evidence shows that deceased executed three other wills at dates subsequent to that of the will offered in opposition to this application. The last two of these later wills, which contained no mention of respondents, expressly revoked all prior testamentary instruments. These wills in turn were shown to have been revoked. Nothing but the vague suspicions of respondents has been offered to prove the existence of any will subsequent to those heretofore mentioned.

Accordingly, no will having been validated by due admission to probate and no effort having been made to offer for probate the wills mentioned above, letters of administration will issue to petitioner.

Submit, on notice, decree accordingly.