In the Matter of the Probate of the Will of EMMA T. MITTEL-STAEDT, Deceased. HARRIET A. MITTELSTAEDT, Appellant; EDWARD L. MITTELSTAEDT, Respondent.

First Department, May 15, 1951.

*John Goodrum Miller* for appellant.

*Albert I. Collens* for respondent.

*Per Curiam.* The decedent died on October 20, 1949. Her will, dated June 4, 1921, has been denied probate. The Surrogate dismissed the petition for probate at the close of the proponent's case and ruled that there were no issues of fact for submission to the jury.

The draftsman of the will, an attorney, testified that he had a custom of drawing wills in duplicate and having both counterparts executed in accordance with the statutory formalities. He did not remember whether he had prepared the will of this decedent in duplicate, but believed that he had followed his usual practice in this case. No ribbon copy of the will was found, and there was opinion evidence that the paper offered for probate was a carbon counterpart. The propounded paper was found in a file on the desk at which the decedent used to spend several hours a day. She had ready access to it at all times up to her last illness. There was testimony by an attorney, who was a neighbor and friend of the decedent, as to several conversations with her shortly prior to death and tending to show that she considered the will made in 1921 to be still extant and effective to carry out her wishes.

Under the circumstances disclosed by this record, we think that any presumption of destruction of the decedent's will *animo revocandi* arising from mere failure to produce an original counterpart was a mere inference of fact, and that the jury should have been allowed to pass on the issues raised by the

evidence and pointing in the opposite direction. A presumption of intentional revocation may be overcome by circumstantial evidence. Aside from the fact that there were circumstances from which the jury might find that no counterpart of the will had been drawn or given to the decedent, we think that there were factual issues in the case as to whether there had been a revocation, even if the jury should find that the instant will had been executed in duplicate.

The decree appealed from should be reversed, with costs to all parties appearing herein and filing briefs payable out of the estate, and a new trial ordered.

Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.

Decree unanimously reversed, with costs to all parties appearing herein and filing briefs, payable out of the estate, and a new trial ordered. Settle order on notice.