In the Matter of the Probate of the Will of EMMA T. MITTEL-STAEDT, Deceased. HARRIET A. MITTELSTAEDT, Appellant; EDWARD L. MITTELSTAEDT, Respondent.

First Department, May 6, 1952.

*John Goodrum Miller* for appellant.

*Albert I. Collens* of counsel (*Myron J. Kleban* with him on the brief), for respondent.

VAN VOORHIS, J. This proceeding has been before the Appellate Division upon an appeal from a prior decree denying probate to the same will. The earlier decree was reversed, and a new trial granted (278 App. Div. 231). It comes here now on appeal from a decree denying probate after the second trial.

The controversy arises from the fact that the decedent's will was executed in duplicate. The draftsman, an attorney, testified that he was accustomed to superintend the execution of wills in that manner, giving both counterparts to the testator. The ribbon copy of this will was not found, there being evidence that the paper offered for probate was a duly executed carbon counterpart. Upon the prior appeal we stated (pp. 232–233): " Under the circumstances disclosed by this record, we think that any presumption of destruction of the decedent's will *animo revocandi* arising from mere failure to produce an

original counterpart was a mere inference of fact, and that the jury should have been allowed to pass on the issues raised by the evidence and pointing in the opposite direction. A presumption of intentional revocation may be overcome by circumstantial evidence. Aside from the fact that there were circumstances from which the jury might find that no counterpart of the will had been drawn or given to the decedent, we think that there were factual issues in the case as to whether there had been a revocation, even if the jury should find that the instant will had been executed in duplicate.'' Upon the second trial, the jury found that the will had been executed in duplicate, and that both counterparts had been delivered into the testatrix' possession. Although only one of the duplicate counterparts was discovered after decedent's death, the jury found that she did not destroy the other with the intention of revoking her will.

The will gave substantially all of the estate to a sister with whom testatrix had lived and been in business for many years. The only other person who would take in event of intestacy is her brother, the contestant.

The Surrogate set aside the verdict of the jury and directed the entry of a decree denying probate, from which this appeal has been taken. The issue appears to have been disposed of upon the law, as was done at the first trial by the former decree. (See *Matter of Barlow*, 180 App. Div. 860.) Under the circumstances of this case, we think that the failure to produce the other counterpart of the will created '' a mere inference of fact '' (278 App. Div. 231, 232), and that the Surrogate erred in holding that there is a '' rule of law '' requiring all counterparts of the will to be produced under these circumstances.

In the cases cited in the Surrogate's opinion where probate was denied upon the ground that another counterpart had been executed but not produced, the missing counterpart was the only one which had been in the possession of the testator. The question usually arises where the draftsman of the will has retained one counterpart in his file, and delivered the other to his client. If, after a testator's death, only the counterpart is produced which has remained in the office file of the lawyer, the proponent is required to prove, as in the case of a lost or destroyed will, that the will '' was in existence at the time of the testator's death, or was fraudulently destroyed in his lifetime''. (Surrogate's Ct. Act,

§ 143.) In the following cases cited by the Surrogate, the only counterpart of the will in testator's possession had disappeared without explanation: *Matter of Robinson* (257 App. Div. 405); *Matter of Jacobstein* (253 App. Div. 458); *Matter of Schofield* (72 Misc. 281); *Matter of Field* (109 Misc. 409); *Matter of Moore* (137 Misc. 522); *Matter of Breding* (161 Misc. 322, affd. 251 App. Div. 737); *Matter of Flynn* (174 Misc. 565); *Matter of Branagan* (180 Misc. 209); *Matter of Rinder* (196 Misc. 657); *Matter of Konner* (101 N. Y. S. 2d 651). Upon the other hand, in *Matter of Cucci* (192 Misc. 554) and *Matter of Sands* (194 Misc. 662), both cited in support of a " rule of law that all counterparts of a will must be produced ", the will was admitted to probate where the counterpart in the possession of the testator was produced in court but the duplicate original in the file of the lawyer (Cucci) or in the file of the trust company (Sands) had disappeared. A will was probated in *Matter of · Pattison* (78 Misc. 699) which had been executed in triplicate, even though the copy in testator's possession was not found. The court said that the " presumption arises in this case where what purports to be a will was executed in triplicate and the one which was in the possession of the testatrix is not produced or accounted for ", but held that it had been overcome by a declaration of the decedent made soon before her death. Regardless of whether the declaration was admissible in the case cited, a distinction was correctly drawn that appears to have been lost sight of in this case, between the situation where the only copy has disappeared which the testator ever had, and the present state of facts where a duly executed counterpart was found among testatrix' papers after her demise.

*Matter of Kennedy* (167 N. Y. 163), *Collyer v. Collyer* (110 N. Y. 481) and *Matter of Cunnion* (201 N. Y. 123), also cited in the Surrogate's opinion, did not involve wills in several counterparts; they merely restate and follow the rule respecting the proof required to establish a single lost or destroyed will. The will was probated in *Crossman v. Crossman* (95 N. Y. 145), both counterparts being produced. The principal question related to whether they were actually duplicates, or whether one had been changed to conform to the other after execution. The question here involved was not presented.

No case has been cited involving the present facts. Here testatrix kept one duly executed counterpart in her possession for twenty-eight years. It was found among her effects after

her death. Whether any significance should be ascribed to the fact that she kept it in a letter file on top of an office desk, instead of in a safe, was for the jury to say. Her retention of one counterpart for this period of time, under the circumstances of this case, was enough to sustain the jury's finding that the will was not revoked. Greenleaf on Evidence (Vol. 2, § 682) says that if a testator " destroys the only copy in his possession, an intent to revoke is very strongly    *    *    *    presumed; but if he was possessed of both copies and destroys but one, it is weaker ". Such a statement conforms to the probabilities, and, if followed, is more likely to carry out the purposes of testators than a mechanical rule that a will consists of all of its counterparts, and that all copies must invariably be produced or accounted for to enable it to be probated as the last will and testament. The latter rule is easy to understand where the only copy extant has been produced from a lawyer's file, but there is small justification for imposing the requirements of proving a lost or destroyed will, in all of their rigor, upon a proponent who comes into court with an executed document that has been at all times in testatrix' possession. The full degree of proof may be necessary where the only copy in the possession of a testator has disappeared, but the reason for such a requirement fails under the circumstances of this case, where a duly executed original has been found to have been in testatrix' possession at the time of her death. No layman would ever regard such a testament as having been lost or destroyed.

The decree appealed from should be reversed, the verdict of the jury should be reinstated, and the will described in the petition should be admitted to probate, with costs to appellant and respondent payable out of the estate.

PECK, P. J., COHN and HEFFERNAN, JJ., concur.

Decree unanimously reversed, the verdict of the jury reinstated and the will described in the petition admitted to probate, with costs to the appellant and respondent payable out of the estate. Settle order on notice.