(April 24, 1956)

■ In the Matter of the Probate of the Will of Emma T. Mittelstaedt, Deceased. Harriet A. Mittelstaedt, Appellant; Edward L. Mittelstaedt, Respondent.

Memorandum by the Court. Supplemental decree modified to the extent of disallowing costs in the amount of $1,650 in the probate trial contested in the Surrogate's Court, and, as so modified, affirmed. Contestant is entitled to the $100 costs awarded by this court on the prior appeals. However, costs incurred in the probate contest should not have been allowed in the circumstances of this case, as a matter of discretion.

Cox, J. (dissenting). Objections were filed to probate of writing purporting to be the last will and testament of the testatrix, which in form appeared to be a carbon copy or a duplicate original will. The ribbon copy, although delivered to the testatrix, was not presented. The appeal herein concerns a supplemental decree entered in Surrogate's Court, New York County, awarding costs to the contestant after two contested probate proceedings and two appeals to this court.

In the first trial, the Surrogate's dismissal of the petition as a matter of law, after the close of proponent's case, was reversed by this court and the matter remitted for a new trial (278 App. Div. 231). In the second trial, a jury verdict in favor of proponent was set aside by the Surrogate and a decree entered denying probate. This court reversed and admitted the will to probate (280 App. Div. 163).

Each of the decrees entered after the respective trials contained a provision reserving fixation of costs and disbursements as follows: " Ordered, Adjudged and Decreed that the fixation of costs and disbursements herein be and the same hereby is reserved for a supplemental decree." No appeal was taken as to that provision in either instance. The decretal language thus employed and the Surrogate's subsequent action manifest the fact that the question in his mind on both occasions concerned merely the amount of the costs and not allowance or disallowance.

Section 278 of the Surrogate's Court Act empowers the Surrogate to fix costs in his discretion and, since the respondent herein was the successful party in Surrogate's Court, he was perfectly justified in doing so. Moreover, section 144 of the Surrogate's Court Act requires the Surrogate to be satisfied that every will admitted to probate has been executed in accordance with the statute.

In view of all of the circumstances in this case, costs to the contestants should be allowed and the decree of Surrogate affirmed.

Breitel, J. P., Rabin, Frank and Bastow, JJ., concur in Memorandum by the Court; Cox, J., dissents and votes to affirm in opinion.

Decree modified to the extent of disallowing costs in the amount of $1,650 in the probate trial contested in the Surrogate's Court and, as so modified, affirmed. Settle order on notice.

■ In the Matter of the Estate of Allen A. Schweitzer, Deceased. Fannie Schweitzer, Respondent; Morris Schweitzer, Appellant.— Decree unanimously affirmed, with costs. No opinion. Concur — Breitel, J. P., Rabin, Cox, Frank and Bastow, JJ.