John O. Boylan, S.
This is an application for letters of administration by a son of the decedent. Renunciations in favor of the petitioner have been filed by the widow and six other children who constitute the remaining distributees.
After the usual allegations concerning diligent search for a will and failure to find same, the petition alleges that decedent and his wife executed a joint and mutual will in triplicate consisting of a ribbon copy and two carbon copies. Only the ribbon copy of said will can be found. The petition impliedly seeks a finding of presumptive revocation of the will, since the two executed carbon counterparts of the will cannot be found nor satisfactorily accounted for after diligent search.
In addition to the petition, the ribbon copy of the will and four affidavits have been submitted to the court. One affidavit is executed by the attorney who drafted the will and supervised the triplicate execution. This affidavit avers that the attorney personally delivered the two executed carbon copies to the decedent at his home and has not seen said copies since the delivery, although he had retained the ribbon copy in his office fit all times.
Of the three other affidavits, two are executed by the widow and one by the petitioner. Each affidavit recites diligent search by the affiant of the decedent’s household, papers and personal effects. The petitioner’s affidavit alleges search of the decedent’s safe-deposit box. All the affidavits indicate failure to find the executed carbon copies. Each affiant denies having any personal knowledge of what disposition the decedent made of the carbon copies. Neither has seen them, nor knows what became of them.
The tenor of all four affidavits is that the decedent had the carbon copies in his exclusive possession and control at all times subsequent to the delivery. Under these circumstances, since the two executed carbon counterparts can be neither produced nor satisfactorily accounted for, it is presumed that the testator destroyed said executed. counterparts “ anima revocandi” and the court so finds. (Matter of Staiger, 243 N. Y. 468.) (Matter of McGuigam, N. Y. L. J., Sept. 20, 1957, p. 13, col. 2.)
The executed ribbon copy submitted to the court contains language which forbids revocation by one of the joint testators in the lifetime of the other without the other’s written consent. The language and form of the instrument are indicative of an enforcible contract between the parties.
The court, however, does not pass upon the enforcibility of the instrument as a contractual obligation at this time, although *535 aware that its finding of presumptive revocation seemingly points to a breach of contract by the decedent. The parties in interest may press the matter of contractual enforcibility of the instrument by timely and proper objection at the time of the administrator’s accounting. (Schley v. Donlin, 131 Misc. 208.)
The court likewise does not pass upon the matter of revocation or nonrevocation of the will with respect to the widow since this question is not before it.
Letters of administration are to issue to the petitioner herein, upon his duly qualifying according to law.
Submit decree in accordance herewith.