■ In the Matter of the Probate of the Will of JOHN B. HEYWARD, Deceased. VIOLA C. HEYWARD, Appellant; LILLIAN B. HEYWARD, Respondent. —In a proceeding to probate an instrument as the last will of John B. Heyward, deceased, contestant appeals from a decree of the Surrogate's Court, Westchester County, made March 14, 1960, admitting the instrument to probate, after a jury trial on framed issues as to: (1) whether decedent had testamentary capacity; (2) whether he was free from restraint; and (3) whether the execution of the instrument was procured by fraud or undue influence. Decree affirmed, with costs to the proponent payable out of the estate. Section 147 of the Surrogate's Court Act provides that objections to probate must be filed at or before the close of the testimony taken before the Surrogate on behalf of the proponent, or at such subsequent time as the Surrogate directs, and that if a jury trial is desired it shall be demanded in the objections. In our opinion this section did not require the Surrogate to grant the contestant's motion to amend her objections and the framed issues, made at the close of the proponent's case; and there was no abuse of discretion in the Surrogate's refusal to grant the contestant's similar motion made at the close of the entire case. It may be that contestant could have waited until the close of the examination of the proponent's witnesses, as provided in section 147 of the Surrogate's Court Act, and then filed objections and demanded a jury trial, despite the contrary provisions of rule 10 of the Rules of the Westchester County Surrogate's Court. That question is not presented, however, and need not be decided in this appeal. Having elected to file objections prior to that time, and having demanded a jury trial only with respect to certain designated issues, contestant, as a matter of right could not, after the conclusion of the proponent's case, amend the objections filed and the issues as framed so as to present for the jury's determination a new issue as to which the proponent had been given no notice before trial. In any event, the issue presented was decided by the Surrogate, and his determination is adequately supported by the record. Nolan, P. J., Ughetta, Christ and Pette, JJ., concur; Kleinfeld, J., dissents and votes to reverse the decree and to grant a new trial solely as to the issues whether duplicate wills had been executed and whether the propounded instrument was decedent's last will, with the following memorandum: Contestant filed objections alleging lack of testamentary capacity, fraud and undue influence; and a jury trial of those framed issues was directed. At the trial, during contestant's case and after the close of proponent's case, testimony was adduced from proponent to the effect that a duplicate original of the propounded instrument had been executed and delivered to the decedent. This duplicate original was not produced by proponent, and no explanation was offered for its nonproduction. At the close of proponent's case and again at the close of the whole case contestant moved to amend her objections and the order framing issues so as to include therein all issues on which proponent had the burden of proof. The learned Surrogate denied these motions, directed a verdict in favor of proponent on the framed issues, and admitted the propounded instrument to probate. In my opinion, the Surrogate's rulings were erroneous. Section 147 of the Surrogate's Court Act gives a contestant the right to file objections at or before the close of the proponent's case. Necessarily encompassed within that right is the right to amend objections previously filed.

The same section gives the court discretionary power to permit the filing of objections, and, consequently, the amendment of objections, after the close of the proponent's case. Contestant's motion, at the close of proponent's case, to amend the objections and framed issues so as to include all issues on which proponent had the burden of proof, should have been granted as of right. Her similar motion at the close of the whole case should have been granted in the court's discretion, in view of the fact that the proof concerning an unproduced duplicate original will was not adduced until after the close of proponent's case and, when adduced, came from the lips of proponent herself (see Surrogate's Ct. Act, § 147; 2 Warren's Heaton, Surrogates' Courts [6th ed.], § 182, subd. [2], pars. [a], [b]; *Matter of McGuire,* 128 Misc. 679; *Matter of Juengst,* 192 App. Div. 917; *Cassidy* v. *Savage,* 150 Misc. 127). If there was any substantial, rather than feigned, claim of surprise by proponent, the court could have granted an adjournment of the trial or, perhaps, even a mistrial; however, a real claim of surprise by proponent would seem unlikely, since it was proponent herself who testified about a duplicate original will, and, under the circumstances, it would seem that only contestant could have been surprised by this testimony. Concerning the scope of the motions to amend (i.e., to enlarge the objections and framed issues so as to include all matters on which proponent had the burden of proof), it should be noted that proponent has the burden of proving that the propounded instrument is decedent's duly executed last will (2 Warren's Heaton, Surrogates' Courts, Law & Practice, § 186, subd. [3], par. [b]; § 187, subd. [2]; 2 Bradford Butler, N. Y. Surrogate, § 1039); and it should be further noted that a contestant has a right to a jury trial of the issues in a contested probate proceeding (*Matter of Walther,* 2 A D 2d 158, and cases cited therein). In this case, proponent's testimony seemingly indicates that testator executed duplicate wills; and that his attorney kept one duplicate original and testator kept the other. The attorney's copy was produced at the trial, but testator's copy was not. On these facts, proponent has the burden of proving that testator's copy was in existence at his death or was fraudulently destroyed in his lifetime. Absent such proof, it is presumed that it was destroyed by testator *animo revocandi*; and if this presumption is not overcome, the attorney's copy may not be probated, as revocation of the testator's copy would revoke both copies (2 Warren's Heaton, Surrogates' Courts, § 180, subd. 6; *Matter of Robinson,* 257 App. Div. 405; *Matter of Mittelstaedt,* 280 App. Div. 163, appeal dismissed 304 N. Y. 795, 876; *Matter of McGuigan,* 10 Misc 2d 865; *Matter of Sibley,* 8 Misc 2d 533). There is another reason why the issue of duplicate wills should have been submitted to the jury. The only testimony as to how the propounded instrument was executed, and as to how many copies were signed, came from proponent and the subscribing witnesses; the credibility of such testimony should have been submitted to the jury (*Matter of Fogarty,* 275 App. Div. 1057). Apart from the foregoing, I believe the learned Surrogate was justified in directing a verdict for proponent on the issues of testamentary capacity, fraud and undue influence, and would have been justified in similarly directing a verdict on the issue of due execution.