| |
|---|
| **Matter of Welter** |
| 2025 NY Slip Op 31780(U) |
| May 15, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2023-186/B |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ENTERED

MAY 1 5 2025

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
Probate Proceeding, Estate of

     BARBARA WELTER,

                            DECISION and ORDER
             Deceased.               File No.: 2023-186/B
-------------------------------------------------------------------------x
M E L L A, S.:

     The court considered the following submissions in determining the instant motions:

| | |
|---|---|
| Petitioner's Notice of Motion for Summary Judgment admitting the propounded copy of a testamentary instrument to probate as the Last Will and Testament of Barbara Welter, pursuant to SCPA 1407; Affirmation of Robert M. Harper, dated January 28, 2025, with Exhibits A – X | 1, 2 |
| Memorandum of Law in Support of Petitioner's Summary Judgment Motion, dated January 28, 2025 | 3 |
| Affirmation of Andrew J. Wagner in Opposition to Petitioner's Motion, dated February 14, 2025, with Exhibit A | 4 |
| Memorandum of Law in Opposition to Petitioner's Motion, dated February 14, 2025 | 5 |
| Affirmation of Rebecca Gideon on behalf of the Attorney General in Support of Petitioner's Motion for Summary Judgment, dated January 30, 2025 | 6 |
| Reply Memorandum of Law in Further Support of Petitioner's Motion, dated February 25, 2025 | 7 |
| Reply Affirmation of Rebecca Gideon on behalf of the Attorney General in Further Support of Petitioner's Motion for Summary Judgment, dated January 30, 2025 | 8 |
| Respondent's Notice of Motion pursuant to CPLR 3212, denying the propounded instrument admission to probate as inadequate to meet the requirements of SCPA § 1407, and dismissing the Petition for Probate; Affirmation of Andrew J. Wagner, dated January 31, 2025, with Exhibits A – R, accompanied by the Affirmation of Harvey Rosen, dated January 26, 2025 | 9, 10, 11 |

Memorandum of Law in Support of Respondent's Motion,                12
dated January 31, 2025

Affirmation of Robert M. Harper in Opposition to Respondent's Motion,    13
dated February 13, 2025, with Exhibits 1 – 27

Memorandum of Law in Opposition to Respondent's Motion,           14
dated February 13, 2025

Affirmation of Rebecca Gideon on behalf of the Attorney General       15
in Opposition to Respondent's Motion, dated February 14, 2025

[Reply] Memorandum of Law in Further Support of Respondent's Motion,   16
dated February 26, 2025

Petitioner CUNY on behalf of Hunter College (Proponent) moves for summary judgment admitting a lost will to probate pursuant to SCPA 1407. Proponent is a residuary beneficiary under the propounded instrument. Respondent John MacGregor Blewer, Jr., (Objectant) moves pursuant to CPLR 3212 to deny probate and dismiss the petition. Objectant is the son and sole distributee of decedent and is disinherited under the propounded instrument. Each appeared by counsel at the call of the March 4, 2025 calendar, the return date of both motions.

Background

Decedent Barbara Welter was a history professor at CUNY, Hunter College. She died on December 5, 2022. Searches of her apartment revealed a "conformed copy" of a will dated March 22, 2007, and an original letter from the attorney-drafter to decedent, dated March 23, 2007. The letter states that a conformed copy of her will (signed at his office March 22, 2007) is enclosed, that the original has been retained at his office subject to her instructions, and that she may contact his colleague should he be unavailable.

The attorney-drafter now has severe Alzheimer's disease that renders him unable to communicate in any way. The colleague named in the letter possessed a computer file that is a

duplicate of the "conformed copy," adding only a Self-Proving Affidavit signed May 21, 2007 by the same witnesses.

Discussion

In a proceeding pursuant to SCPA 1407, a proponent may prevail in admitting a lost will to probate by establishing that: 1) the instrument was duly executed; 2) each provision of the will is proved either by two witnesses or by a true and complete copy of the instrument; and 3) the instrument was not revoked by the testator.

Here, through the affidavit of the attesting witnesses, which they signed two months after the propounded instrument was executed, and through the sworn deposition testimony of two of those witnesses, Proponent has established prima facie the requirement that the instrument was executed in accordance with the requirements of EPTL 3-2.1.

Proponent's submissions in support of its motion also establish prima facie the second statutory requirement—that Proponent prove each provision of the will "clearly and distinctly." This proof includes a copy of the instrument found in the computer files of a lawyer with whom the attorney-drafter worked closely, the text of which is identical to a "conformed copy" of a will found in decedent's apartment after her death, together with an original letter from the attorney-drafter enclosing such "conformed copy." Additionally, Proponent provided the sworn testimony of two of the three attesting witnesses, who recognized their signatures on the instrument and also recognized the signature of the attorney-drafter who acted as the third witness. One of those witnesses testified that she typed the instrument for the attorney-drafter

3

[* 3]

and later provided an affidavit confirming that the Will is the instrument that was executed by decedent.[1]

As to these first two elements, Objectant has failed in his opposition papers to raise a material issue of fact that requires a trial. Contrary to his assertion, Proponent's proof provides competent evidence that the instrument sought to be probated was duly executed and is a copy of the instrument executed by decedent.

Concerning the third element – whether the will was revoked by decedent—Proponent's proof submitted in support of its motion and in opposition to Objectant's motion on this issue includes the attorney-drafter's letter to decedent enclosing a conformed copy of the instrument and indicating that at decedent's request, the original would be kept at the attorney's office subject to future instructions by decedent herself or her executor. Proponent also satisfactorily established that two months after the execution of the instrument, when the affidavit of the attesting witnesses was notarized, the original was still in the possession of the attorney-drafter who, the proof established, usually kept the original wills he drafted in a locked cabinet in his office. Although this proof alone might be insufficient to establish a prima facie case that decedent did not revoke the will, it is sufficient to reserve the issue for a hearing. Of particular importance here is the fact that decedent kept, among her records, the attorney's original letter together with the conformed copy of the instrument. Under similar circumstances, courts have concluded that a testator's retention of a copy of the executed instrument with no evidence of revocation may be used to rebut the presumption of revocation, or at the very least, to reserve that issue for a trial (*see Matter of Mittelstaedt*, 278 AD 231 [1st Dept 1951] [where no ribbon

---

[1] Even though Proponent submitted this affidavit for the first time with its reply papers, the affidavit merely serves to clarify the witness' testimony at her deposition and not to add any new facts and thus may be considered by the court.

copy of will was found among decedent's papers after his death but an executed carbon counterpart was found, a factual issue as to whether the will was revoked should be left for the jury to decide]; *Matter of Edmonson*, NYLJ, Apr. 21, 2000, at 35, col 6 [Sur Ct, Kings County 2000][fact that decedent kept a photostatic copy of will could possibly rebut the presumption of revocation and the issue should be decided after a hearing]).

Even if the proof submitted by Proponent was sufficient to establish prima facie that the will was not revoked by decedent, Objectant has raised issues of fact that require a trial by showing that at any point during the 15-year period that transpired between the execution of the instrument in March 2007 and decedent's death in December 2022, decedent could have instructed the attorney-drafter to return the original to her and could have revoked it then. Again, determination of this issue should be reserved for a trial.

For these reasons, on the record on March 4, 2025, Petitioner's motion for summary judgment dismissing Respondent's objections to probate of the Will was granted to the extent of determining that the Will was duly executed and that each of its provisions has been proved. Petitioner's motion was denied to the extent that it sought a determination that decedent did not revoke the Will. Respondent's motion for summary judgment determining that the Will should not be admitted to probate was denied, reserving for trial the issue of whether decedent revoked the Will.

This decision, together with the transcript of the March 4, 2025 proceedings, constitutes the Order of the court.

Dated: May 15, 2025

_____
S U R R O G A T E

5

[* 5]